Ruffin. Judge.
 

 Several objections are made to the recovery effected in this case, none of which, I think, are tenable. The first, is, that there was no judgment against
 
 Harramond, as administrator of
 
 Fessenden; for that he was not sued on the judgment obtained against
 
 Fessenden
 
 in his lifetime, but only made a party to it by
 
 sd.fa.
 
 in which the judgment is,
 
 quod habeat eocecutionem,
 
 atul not
 
 quod recuperet.
 
 The answer is, that in effect it is precisely the same thing. For by a judgment of recovery, what is recovered but the debt, to be levied of the goods of the intestate in the hands of the administrator ? Upon the
 
 sd.fa.
 
 the same execution goes. But it cannot go in either case, until the administrator has been made a party, so as to have an opportunity of showing that there are no assets in his hands, against which the Plaintiff ought to have execution. The administrator can plead
 
 plene administraron
 
 in both cases
 
 ;
 
 for that would be a sufficient cause why the party should not have the recovery or execution. This Is the uniform course upon all
 
 *301
 
 writs of
 
 sci.fa.
 
 to make the executor a party to a judgment against the testator
 
 (Noel v. Nelson,
 
 2
 
 Saund.
 
 219.
 
 note
 
 2). And if he fail to plead fully administered, the executor is concluded as to assets.
 
 (Rock
 
 v.
 
 Leighton,
 
 1
 
 Salk.
 
 310.
 
 Farker v. Stevens,
 
 1
 
 Hay.
 
 218.) There is therefore a judgment against the assets of the intestate, or which an action could be brought against
 
 Harramond
 
 for a
 
 devastavit.
 
 This suit on the administration bond may be sustained, without a previous judgment against the administrator in debt, ‘for the
 
 devastavit. (Williams v. Hicks,
 
 1
 
 Murp. 437. Washington v. Hunt, ante vol.
 
 1, 475.)
 

 Another objection is, that the debt did not survive against
 
 Fessenden,
 
 and therefore that there ought not to have been judgment against his administrator for it; and so the sureties are not bound. And to obviate the consequence of a judgment being in fact so rendered, and its remaining good until reversal, it is said that here is no judgment — for the judgment is “ according to
 
 sd.fa,”
 
 after our loose practice, which means such a judgment as ought to have been rendered. This last is a minor point, and it is not necessary to say what is the import of the entry ; though we suppose it to mean “ according to the
 
 prayer
 
 oí the
 
 sd. fa.”
 
 which is a judgment against both. If it is so to be understood, it would seem to be conclusive, not of the assets, but of the debt, as against the sureties.
 
 (Washington
 
 v.
 
 Hunt, uh supra.J
 
 Other creditors or distributees have an interest to contest the debt, and it is open to them ; but the sureties have none. Their sole concern is wit!» the assets. They are liable only for a due accounting for them, and they shall have an opportunity of showing, that the administrator had none; but if he has assets, to them it is not material whether they are paid to this or that creditor, unless they can show that the debt wad,re-, covered by fraud, which is to injure them by making them answer over.
 

 
 *302
 
 jj? fhjg was oppii to the Defendants in this case, they have m>t ava’^ themselves of
 
 it;
 
 for they have not put the fraud in issue ; winch ought to be by special plea, g¡vjns, tj1P Plaintiff notice.
 

 The general question, whether judgments against two survive, upon the death of one Defendant, against his executor, is of more consequence, and has been much considered by the. Court. The actof 1789
 
 (Rev. c.
 
 314, s. 4) it is true, does not, in so many words, embrace judgments. ft is, altogether, inaccurately penned. And it was seriously debated several times, whether in the case of obligations, a joint suit could be maintained against the surviving obligor, and the executor of a dead one — it being contended, tiiat a several action survived against each. But the Courts considering it a remedial law, and putting a.fair construction on it, held affirmatively.
 
 (Brown
 
 v.
 
 Clary,
 
 1
 
 Hay. 107. Davis
 
 v. Wilkinson, 1
 
 Hay.
 
 334.) This was followed by the act of 1797
 
 fRrv. c.
 
 475) directing how the judgment should be entered in such joint suit, and permitting the creditor to treat the contract as both joint and several in the same suit.— These legislative and judicial proceedings show, that it is the policy of tiie authorities of the country, to extend the principle of the act of 1789, as far as will completely remedy the evils at common law, both for the benefit of the creditor and the surviving debtor. To show how little the writer of the statute had considered the subject, it is only necessary to remark, that in the preamble, he adverts huí to the single rule of the common law, by which a surviving “ obligor’5 was oppressed and injured by becoming the sole debtor; yet afterwards it hs enacted, that the joint “
 
 debt
 
 or contract” shall survive, and that all joint obligations and
 
 assumptions
 
 of copartners and others, shall he joint and several. It seems to us to lie the .Spirit of this act, that
 
 all debts,
 
 however due, should survive. There seems to be no reason for the exception of a judgment. If a bond is in suit against two, and one
 
 *303
 
 die, the executor may be brought in. Why not also after judgment? So, if upon a,joint bond, a judgment be recovered against one of the obligors, and he. die, that judgment may be enforced against his executor, and at‘ the same time suit brought on the bond against the surviving obligor. Or, if several judgments be rendered against both obligors, and both die, the executor of each will be liable. We can perceive no possible reason, why in the case of a joint judgment, it should not be so likewise. We think this a fair construction of the statute, and we know it is the one long acted on; for we are not apprized of a single instance, in which a creditor has fded his bill to reach the estate of the deceased Defendant, though in numerous cases the survivor must have been insolvent, and the debt been paid by the executor of the dead Defendant.
 

 There is nothing in the point made upon
 
 Cox’s
 
 receipt of the money. If he did receive it, it was as agent of
 
 Clarke
 
 ; and if he has not applied it to
 
 Clarke’s
 
 debt, it has never been applied to this by
 
 Harramond,
 
 who alone could do it.
 

 Per Curiam.- — Let the judgment below be affirmed.