D anieIi, Judge.
 

 There are several questions or points of law submitted for our determination
 
 ;
 
 but I do not deem it necessary to decide but one of the®, — Can one de-,
 
 *218
 
 fondant appeal from a judgment which has been
 
 jointly
 
 rendered against the two ? I am of the opinion he cannot. The case of
 
 Sharp
 
 v.
 
 Jones
 
 and
 
 Winbourne,
 
 (3
 
 Mnrph.
 
 306,) is not a ease in point for the defendant. — In that case, the defendants severed in their pleas, and there were several judgments; one in favor of
 
 Jones
 
 the executor, that he go without
 
 day; the
 
 other against
 
 WinborneEov
 
 the debt ascertained by the verdict. It was determined, that
 
 Winborne
 
 might appeal, because the judgment against him was single and not joint against him and
 
 Jones.
 
 .It is a well settled rule that when a judgment is jointly rendered against two, they must both join in a writ of error, otherwise the court will quash it.
 
 (2 Term 736. 3 Bur. 1789.
 
 1
 
 Wilson
 
 88.
 
 Archb. P. K. B. 232.)
 
 If after error brought by one of several plaintiffs or defendants, in the names of all, the others refused to come in and join with him in the assignment of errors, they who refuse must be summoned and severed, aftei which lie may proceed in the writ of
 
 error
 
 alone,
 
 (Cro. Eliz.
 
 891,
 
 Cro. Jac.
 
 94. 1
 
 Archb. B. K. B.
 
 232,) and the court will give him time to assign errors, until the others can bo summoned and severed; (a
 
 Stra.
 
 783,) nor can he that is summoned and severed release the errors.
 
 (Archb.
 
 256.) But if in trespass against three there be judgment against two of them by default, and
 
 the
 
 third justifies, and it is found for him, the two against whom judgment was given, can alone join in a writ of error, for the other cannot say that the judgment was to his prejudice (1
 
 Archb.
 
 233 ;) and the same if two had been found guilty by verdict, and the other acquitted.
 
 (Cowp.
 
 425.) We sec that one defendant or
 
 plaintiff
 
 may bring a writ of error in the name of the whole, but lie cannot assign error without an authority from the whole, or by obtaining an order of summons and severance. The judgment in the mean time stands good aud remains good, until a judgment of reversal on the hearing of the cause, on the writ of error. But in the case of an appeal under our acts of assembly, passed in
 
 1777, c.
 
 2 the granting of the appeal after bond given, vacates the judgment, .and a trial
 
 de novo
 
 upon the law and the facts, takes-
 
 *219
 
 place in the Superior Court. Therefore, if one defendant or plaintififis permitted to appeal without the consent of the others, it would vacate the judgment which might be most prejudicial to the others. The act of 1777 declares that “when any person or persons, either plaintiff or defendant,” are dissatisfied with any judgment, sentence or decree of a County Court, they may appeal to the Superior Court. The construction which I put on these words in the act is, that when there is but one “person,” cither plaintiff or defendant, and he is dissatisfied with the judgment, he shall have the right of appeal: and where there are several persons, who have joined or been joined as plaintiffs or defendants, and they are dissatisfied with the judgment, they may appeal.— But I do not collect from the- wording of the act, that the Legislature intended that any one of those several persons composing the plaintiff or defendant in a cause,, might appeal at his solitary discretion. Generally when an appeal is taken, it is presumed to bo an appeal as to all the parties. In- this case, it is expressly stated that
 
 Gilliam
 
 alone appealed and that
 
 Hays
 
 did not. We think the judgment of the Superior Court is erroneous, that it should be reversed, and the appeal which was taken from the County Court should be dismissed with costs — and' it is directed that a
 
 procedendo
 
 issue from the Superior Court to the Court of Pleas and Quarter sessions of Granville county, to proceed on the judgment in that court.
 

 Per Curiam. — This cause came on to be argued upon the transcript of the record from the Superior Court of law of Granville county, upon consideration whereof, this court is of opinion that there is error in the record and proceedings of' the said Superior Court in this, to wit: that the said Superior Court ought not to have taken cognizance of the appeal brought up to that court from the Court of Pleas & Quarter Sessions of the said county, the said appeal having been improvident-]y allowed-: Therefore, it is considered and adjudged by the court here, that the judgment of the said Superior Court be and the same is hereby reversed, j and
 
 *220
 
 tliis court proceeding to decide what judgment shall be entered in the said Superior Court, doth order, that the said court dismiss the said appeal with costs, and award a
 
 proceiiendo
 
 to the said Court of Pleas & Quarter Sessions, and that this judgment, and the opinion of this court as delivered by the Hon. Joseph John Danube, one of the judges thereof, be certified to the said Superior Court accordingly. And it is considered by the court here, that the plaintiff recover of the defendant ánd
 
 Ira C. Jlrnold
 
 and
 
 Wyatt Cannady,
 
 the costs in this court incurred, to be taxed by the clerk.