Daniel, J.
 

 The defendant was sheriff of Surry, and on a writ at the instance of the plaintiff, he arrested the six defendants mentioned in the writ, and returned no bail bond with the writ. There was judgment against the said six peisons; on which, first
 
 afi.fa.,
 
 and then a
 
 ca. sa.
 
 issued. The sheriff returned the
 
 ca. sa. nort est inventus
 
 as to Richardson and Falkner, two of the defendants in the execution j and made no return as to the other four, whose names were in the execution. The plaintiff made no motion to the court against the sheriff on account of his defective return,- but issued his
 
 scire facias
 
 against him, to subject him under the statute as special bail to Richardson and Falkner. The sheriff pleaded, first, that there was no
 
 ca. sa.
 
 returned
 
 non est inventus.
 
 And secondly, that the plaintiff had issued
 
 & fi.fa.
 
 before he issued
 
 *242
 
 his
 
 ca. sa.
 
 The court was of opinion, and so instructed the l^at the
 
 ca. sa.
 
 produced by the plaintiff in evidence did not sufficiently support his side of the first of the above issues. ^n(j we are 0y tjle same opinion. The cot.
 
 sa.
 
 in England is generally but a formal writ, not intended to be executed, butto be simply lodged in the sheriff’s office, to remain there four days, and then to be returned
 
 non est inventus.
 
 It is placed there only as notice to the bail, that they are looked to on their bail pieces. But it has been repeatedly decided in this State, that a
 
 ca.
 
 sa.here is intended tobe an effectual execution,and to be enforced against the defendants, if to be found in the county; and that for the benefit of all the persons concerned — . the plaintiff, the defendants, and each of them, and their bail and each of them. The law requires that the
 
 ca. sa.
 
 should be as broad as the judgment — should not the return then be as broad as the execution,:before the bail is liable? We believe that there is not an authority to be found, either in the English- or American law books, to support the plaintiff in his demand. We find, that where one of the defendants in a
 
 ca. sa.
 
 has been arrested, and returned by the sheriff to
 
 be
 
 in prison, and the other is returned
 
 non est
 
 inventus, the plaintiff may then have
 
 sci.fa.
 
 against the bail of him that has fled the country. But in said case, the plaintiff had procured a full return of the
 
 ca. sa.
 
 to be made, as to all the defendants in it. If the defendants lived in different counties, still, if the plaintiff thought proper to take a joint judgment against them all, he would be compelled to make his
 
 ca. sa.
 
 to each of the several sheriffs, if he chose so to proceed, as broad as his judgment. And before he could be able to proceed against the bail of any one of such defendants, the sheriff should, as it seems to us, make his return as broad as the
 
 ca. sa. It
 
 may be asked what right has the bail of one of the defendants to demand any thing more of the plaintiff than to shew a
 
 ca. sa.
 
 as to
 
 his
 
 principal, and a return'ón it of
 
 non est inventus ?
 
 The answer seems to be at hand: it is because the bail, by law, has a right to see that a proper
 
 ca. sa.
 
 against
 
 all
 
 the defendants has been issued, and placed in the hands of the sheriff to be effec
 
 *243
 
 tually executed by him. If he has a right to demand of the plaintiff to do all this, as a preliminary step in pursuing him as bail, would it not be absurd, and apparently trifling with the forms of judicial proceeding, for the plaintiff to be then permitted to turn round to him, and tell him, sir, you now have no right to demand, that the sheriff shall make any other return on the
 
 ca. sa.
 
 to save you from liability, except as against your own principal 2 We must again say, that we think that the evidence was not sufficient in law to support the issue; secondly, although a
 
 fi.fa.
 
 has first been issued, th.e bail are • not thereby discharged, but are still on a
 
 ca. sa.,
 
 being subsequently returned
 
 non est inventus,
 
 subject to be proceeded against. Petersdorff on Bail, 3 335.
 

 Per Curiam, Judgment affirmed,.