Naso, J.
 

 The judgment below is erroneous and must be reversed. The action was in the County Court of Rowan, upon a promissory note, purportingjto be executed by both the defendants. A verdict was rendered against both, and both appealed to the Superior Court, and united in the appeal bond. On the trial in that Court, the jury found a verdict for the defendant Conner, and against Long, subject to the opinion of the Court upon a question of law reserved. The plaintiff moved for judgment against Long upon the verdict, and against Conner and the surety, for the prosecution of the appeal, upon the appeal bond. The latter motion was opposed by Conner’s counsel, as to him, on the ground that he-had prosecuted his appeal with effect. The presiding Judge, being of opinion with the defendants upon the*point reserved, directed the verdict to be set aside, and a non-suit to be entered, thereby declaring that the plaintiff was not entitled to the judgment asked. If ho was entitled to either, there was error in the opinion, and there must be a judgment for the plaintiff. The only question upon which our opinion is required is, as to the motion against Conner, upon the appeal bond. The action was a joint one upon a joint contract, and in the County Court the verdict and judgment were against both defendants. In the Superior Court the trial was
 
 de novo,
 
 and there the jury severed the defendants by rendering a verdict for Conner and against Long. This is certainly against the rule of the common law, and would be erroneous. 1
 
 Arch. N. P.
 
 57; but it is authorized by the express provision of the act of 1777,
 
 Rev. Slat. ch.
 
 31,
 
 see.
 
 
 *78
 
 88, and was so decided in
 
 Jones
 
 v.
 
 Ross, 2 Car. L. R.
 
 335. The jury then were authorized to find the verdict they did, and, upon such finding, the act declares, judgment shall and may be rendered accordingly. The defendant, Conner, however, says, that judgment ought not to be rendered against him, because he has prosecuted his appeal with efFect. Has he so done ? We think not. The appeal was a joint
 
 one, and the
 
 defendants both executed the appeal bond. This bond is in the usual form. After reciting the judgment in the County Court, and the appeal, it proceeds, “now, therefore, if the said Richard W. Long and Henry W. Conner shall stand to, abide by, and perform such judgment as the Court shall render in the premises, &c.” All the obligors are bound to perform the judgment the Superior Court may render ; and the bond was taken in reference to the law, existing at the time of its execution. By the law, the jury were at liberty to find such a verdict as they did, and, upon such finding, the plaintiff was entitled to judgment upon the appeal bond against the defendant Conner, and the surety Rouche. They were the sureties of Long, that he should prosecute his appeal with effect. The defendant Conner, then, could not, under this bond, have prosecuted his appeal with effect, when a verdict was rendered against his co-defendant, Long. The judgment must be reversed, and judgment against Long, upon the verdict, and judgment upon the appeal bond against all the defendants on the appeal bond.
 

 Per Curiam.
 

 Judgment accordingly.