This case presents the question, Is a judgment against two or more joint? or is it joint and several, and to be treated in its consequences as if the defendants had been severally sued?
The decision of Trice v. Turrentine, 32 N.C. 443, and Jacksonv. Hampton, ib., 579, was put by me upon the ground that the acts of 1789, 1796 and 1797 were intended to do away with the hardships growing out of the doctrine of joint obligations, joint judgments, and survivorships, and had made a change in the law by abolishing the principle of the English (188) law as to joint judgments, and introducing the principle that the defendants in a judgment are to be treated as if they had been "severally sued," whenever the ends of justice required it. And I venture the opinion that as we had, by a liberal construction of these remedial statutes, adopted a new principle and got rid of all those hardships, except one (which is the one involved in the present case), it was wiser to rid ourselves of that also, by overruling the cases which adhere to the old principle, than to embarrass the law by attempting to sustain those cases by distinctions "too fine for use."
This case made it necessary to review that opinion. I have performed the duty most anxiously, and the result is a clear conviction of its correctness.
My position is that the statutes referred to changed the law and introduced a new principle; that this new principle has been acted upon by the Legislature and has been adopted by this Court, in two cases, which have never been drawn in question, and which directly conflict with the class of cases adhering to the old principle; and that to relieve ourselves of the confusion in which we are now involved, and the great confusion to *Page 144 
which we will be exposed in future, it is necessary to adopt the one principle or the other by overruling the cases which adhere to the old principle or the cases which adopt the new principle. If this necessity exists, no one will contend that the new principle should give way to the old one, with all of its absurd consequences.
The old principle is that all of the defendants are "a unit" and make but one, or, as it is elsewhere expressed, "though they are several persons, yet they make but one defendant, when jointly sued." 6 T. R., 525.
As a consequence of this principle, all of the defendants must join in an appeal, and the plaintiff, to fix the bail of one, (189) must first run a ca. sa. against all. Now, by the cases of Trice v. Turrentine, 32 N.C. 443, and Jackson v. Hampton,ib., 579, the plaintiff is relieved from the hardship of being obliged to run a ca. sa. against all of the defendants; and the cases ofTrice v. Turrentine and Waugh v. Hampton, 27 N.C. 241, which adhere to the old principle, are overruled. It is true, the two judges who make the decision do not agree as to the ground upon which it is put. The one adopts a new principle and gives the relief directly; the other gives the relief indirectly, by allowing the plaintiff to instruct the officer not to execute the writ upon one; still, the result of the decision is to relieve the plaintiff from a hardship which is a consequence of the old principle, and it must weaken the authority of the only class of cases which still adhere to it; for if the plaintiff is relieved from one of the consequences, a portion of the defendants should be. It was the plaintiff's act to sue both in one action, instead of having two actions, and the judgment in those cases remained, as to all of the defendants, unreversed and in full force; whereas, in this case, the defendant had no option as to whether there should be two warrants or one, and the judgment would be vacated as to one if the appeal is allowed, leaving it in force as to the other, just as if there had been two warrants. And if the plaintiff, in the one case, is relieved from the consequence of his own act, the defendant in the other ought not to be prejudiced by the accident, over which he had no control, that the plaintiff had sued both in one warrant, instead of having several warrants against each.
At all events, this is a favorable occasion to assail the old principle, and I now proceed to sustain my position. By the old principle, if, pending a suit before judgment, one of the defendants died, his executor or administrator could not have been made liable, although he was the only solvent defendant. The act of 1797 provides that, in such case, such process *Page 145 
(190) and judgment may be awarded against the executor or administrator of the deceased defendant as if he had been "sued severally." Here the new principle is announced, and is applied to one case, so as to relieve against a hardship of the old principle, and the question is, Shall this new principle, by a liberal construction of these remedial statutes, be extended to all cases coming within the same mischief, so as to relieve against all the hardships? or are we to "stick to the letter" and confine the relief to the cases expressly provided for?
The Legislature has acted upon the new principle. The act of 1820 provides that if more suits than one be instituted against several obligors, the suits, on the return of the writs, shall be consolidated. Now, the lawmakers must have supposed that the old principle and its consequences had been abolished, and that the new principle, by which the defendants are to be treated as if "severally sued," was in force, or else they intended manifest wrong; for, by the old principle, the plaintiff could not proceed against the bail of each, as he could have done if his suits had been let alone; and if one of the defendants had died afterjudgment, the plaintiff had no remedy against his representative; and, on the other hand, the defendants, after the consolidation, must all join in an appeal; whereas, if the suits had been let alone, each defendant had the right to appeal; and upon the supposition that the old principle was in force, all these hardships were imposed upon the parties by a wise Legislature to save a little cost.
Again, the act of 1844 provides that no ca. sa. shall issue unless the plaintiff makes oath that the defendant conceals his property. This shows conclusively that in the opinion of the Legislature the defendants are to be treated as if they had been "severally sued", for if the defendants are "a unity," a fraudulent debtor must go free, if he has an honest codefendant, as to whom the oath cannot be made. It is a condition precedent, and no officer would be justified in issuing a ca. sa. (191) against both upon an oath as to one.
In Jones v. Ross, 4 N.C. 335 (1816), it is decided that in an actionex contractu judgment may be against one and in favor of the other defendant. This is directly opposed to the old principle; and by a liberal construction of the statutes referred to, the new principle is adopted, and each defendant is treated as if he had been "severally sued," and this in favor of the plaintiff, who elected to join the two in one action.
So in Smith v. Fagan, 13 N.C. 298 (1830), it is said "it is the policy of the authorities of the country to extend the principle of the act of 1789 as far as will completely remedy *Page 146 
the evils at common law," and it is held that the old principle, that a judgment is joint, so that, if one defendant dies after
judgment, it cannot be enforced against his estate, is changed by a liberal construction of those statutes which apply to judgments, as well as to obligations strictly so called. Here, the new principle is adopted, and the defendants are treated as if they had been "severally sued," and this, too, in favor of the plaintiffs. Now, then, can it be insisted that the old principle should be adhered to so as to subject defendants to its hard consequences? They have no election as to whether there shall be one writ or two; and it is but reasonable that although the plaintiff chooses to include them in the same writ, they should be treated and allowed the same rights as if they had been severally sued. These two cases adopt the new principle, and have been acted upon by the courts and the profession ever since. Scarcely a court is held where judgment is not rendered against one defendant and in favor of the other, and where the representative of one defendant, who died after judgment, is not proceeded against; and it is done so much as a matter of course, and (192) with so little question that many practitioners are not aware of the fact that under the old principle the law was to the contrary.
The old principle is adhered to in only one class of cases, Hicks v.Gilliam, 15 N.C. 217, and six other cases which follow it, where it is held that as the defendants are a "unit," all must join in one appeal, and if one refuses, the others must lose their rights, without hope of relief.
The new principle is adopted in two cases which have never been questioned. The old principle is adhered to in one class of cases, seven in all, but the authority of these cases (as they all stand upon the same ground) is weakened by the formidable array of numbers. The new principle adopted in Jones v. Ross and Fagan v. Smith was so much in accordance with the sense of the profession and the common idea of justice that these cases have never since been questioned, while the old principle, which is acted on in Hicks v. Gilliam, supra, was so much at variance with the sense of the profession and led to such hardships that it was not only questioned, but sent up to this Court, sometimes under one aspect and sometimes under another, and the present is the eighth time that this Court has been appealed to for relief. The struggles of the profession and of the public against the old principle have been like the convulsive efforts of a strong man seeking to relieve himself from a weight with which he is oppressed.
That these two sets of cases cannot stand together is self-evident. *Page 147 
The one adheres to the old principle, that the defendants are a "unit"; the other adopts the new principle, that the defendants, although sued together, are to be treated and have the same rights as if "severally sued." That confusion will grow out of contradictory decisions based upon these inconsistent principles, and that there is a necessity to adopt the one and reject the other, is painfully exhibited by the cases of Tricev. Turrentine and Waugh v. Hampton, overruled by Tricev. Turrentine and Jackson v. Hampton, and the case of (193)Brown v. Conner, 32 N.C. 75. There the defendant was made to feel the weight of both these inconsistent principles; being sued with one Long, and judgment in the County Court being rendered against both, according to the old principle, they were forced to appeal jointly. In the Superior Court it was proven that Conner was not liable for the debt, and a verdict was rendered in his favor, and he had judgment for his costs and that he go without day; but, according to the new principle, and on the authority of Jones v. Ross, judgment was rendered against Long; and the result was that judgment was rendered against Conner upon the appeal bond, and he had to pay the plaintiff's debt and costs, notwithstanding there had been a verdict and judgment in his favor; and such must be the hard fate of all defendants until the one principle is adopted and the other is wholly rejected.
I should not feel at liberty to insist upon overruling the cases ofHicks v. Gilliam, and the other cases which follow it, but for the fact of their being directly opposed to the two acts of the Legislature and the two cases to which I have referred, and to which must now be added Brown v.Conner. This, I think, not only justifies, but makes it necessary to overrule them.
No one can read the case of Brown v. Conner, 32 N.C. 75, and say the law ought to stand as it does. That case was correctly decided. The conclusion is logical: there was no escape from it without overruling Jonesv. Ross. That had been attempted in the Superior Court but this Court sustained it, and, in doing so, overruled Hicks v. Gilliam, for the two cannot stand together.
The defendants are a "unit" and must join in an appeal. After they join in an appeal they cease to be a unit, and the plaintiff is entitled to judgment against one, although he shows no cause of action against the other. Is it right to (194) let this state of things continue?
I am not in favor of judicial legislation. Where new combinations of circumstances and changes in the state of society develop defects in the law, it is the province of the Legislature *Page 148 
to remedy these defects. But where a defect is occasioned by a train of decisions, all involving the same error, it is the duty of the Court to remedy this defect, because it is the consequence of its own wrong action, and it should correct its own error, and should not continue in error until "confusion becomes worse confounded," in the hope that the Legislature will extend its omnipotent arm and help the Court out of a difficulty of its own creation.
The Court not only has power to correct its own error, but it is most proper that it should do so; for, knowing the source and extent of the error, it can best apply the remedy; whereas, the Legislature, not knowing the case "in all of its bearings," may handle the subject too roughly, and while applying the remedy to one evil, may affect injuriously important principles in other parts of the system.
PER CURIAM. Judgment affirmed.
(195)