## W. W. IVES ET AL.
### v.
## ALICE HULCE.

17   35
91   592

17   35
94   631

APPEAL BOND—SURETIES UNDERTAKING.—The statute, in providing a form for a bond which may be used in the case of one defendant, clearly contemplated appeals by several defendants; and the object of the undertaking is to secure the plaintiff in the judgment. It is a reasonable and fair construction to hold, in such cases, that the undertaking of the sureties is several as to each one of the principals, and that where judgment goes against but one, it is within the condition of the instrument.

ERROR to the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed August 20, 1885.

Messrs. KERRICK, LUCAS & SPENCER, for plaintiff in error; that the undertaking of a surety is to be construed strictly and he is bound to the extent and in the manner and under the circumstances pointed out in his obligations and no further, cited Reynolds v. Hall, 1 Scam, 35; Ryan v. Trustees, 14 Ill. 24; People v. Tompkins, 74 Ill. 486; Cooper v. People, 85 Ill. 417; Mix v. Singleton, 86 Ill. 196.

When a judgment is against two and both appeal, and the bond is conditioned to pay the judgment rendered against "them," and on the trial judgment is only rendered against one, the surety of the two is not liable: Barnett v. Smith, 17 Ill. 565; University v. Baldwin, 5 M. & W. 581; Bill v. Barker, 16 Gray, 62; Philip v. Wells, 2 Sneed (Tenn.), 154; Griff v. Kirk, 17 La. An. 25; Shinn v. Highthue, 7 Black (Ind.), 238; Lang v. Pike, 27 Ohio St. 498.

Mr. WILLIAM E. HUGHES, for defendant in error; that the surety is liable, cited Seacord v. Morgan, 3 Keyes (N. Y.), 636; Brown v. Conner, 10 Iredell (Law), 75; Wood v. Oxford, 56 Cal. 157; Cook v. Lyon, 54 Miss. 625; Head v. Mathier, 21 Mo. 308.

WALL, P. J.  This was an action of debt upon a bond brought by defendants against plaintiffs in error, in the Circuit Court of McLean county.

The declaration contains two counts of which the first alleges, in substance, that the defendants entered into a penal bond payable to the plaintiff, the condition of which was, that whereas the plaintiff had, on, etc., before a justice of the peace, recovered a judgment against the said Ives and Ator in replevin for the property mentioned in the writ, and for cost, from which judgment said Ives and Ator had taken an appeal to the said circuit court; now, if said Ives and Ator should prosecute the appeal with effect, and pay whatever judgment should be rendered against them by said court upon the trial of said appeal, or by confession, or, in case the appea, should be dismissed, would pay the judgment rendered against them by the justice, and all costs occasioned by said appeall then said obligation was to be void, otherwise to remain in full force and effect.  It further alleges that afterward, in the circuit court, on the trial of the appeal, judgment was entered in favor of plaintiff, against said Ives, for one cent, and that at a subsequent term of said court such further proceedings were had in the case, upon due notice, that it was ordered and adjudged that the plaintiff should have and recover of and from said Ives, the sum of one hundred and seventy-five dollars and costs of suit, and that said judgment had not been paid.

The second count is in substance the same as the first.  To this declaration the plaintiffs in error filed their demurrer, which was overruled by the court, and no plea being filed, judgment was entered in favor of the plaintiff and against defendants below.  Damages were assessed at the sum of $245, and final judgment was entered accordingly, and for costs.  It is now assigned for error, that by the condition of the bond in suit there is no liability upon the facts alleged in the declaration.  The judgment before the justice was against Ives and Ator, and it is insisted that the terms of the bond are such that a judgment in the circuit court against Ives alone is not within the condition, and that the sureties are not liable.

The bond is in the form prescribed by the statute, the condition being that if said Ives and Ator shall prosecute the appeal with effect and pay whatever judgment shall be rendered against them, etc. We think it would be unduly technical to hold that because judgment was rendered against one alone, then the bond should be discharged. It is not contended by counsel, as we understand, that Ives and Ator are not liable on the bond, but that the sureties are not so liable. If the principals are still bound by the terms of the bond, then the sureties are also. By what process of reasoning the sureties can be discharged while the principals are bound, is not made plain. The statute, in providing a form for a bond which may be used in the case of one defendant, clearly contemplated appeals by several defendants, and the object of the undertaking is to secure the plaintiff in the judgment. It is a reasonable and fair construction to hold, in such cases, that the undertaking of the sureties is several as to each one of the principals, and that where judgment goes against but one it is within the condition of the instrument. Such is the conclusion reached by the Court of Appeals of New York in the case of Secord v. Morgan, 3 Keyes (N. Y.), 636. The views of the court, as expressed very fully in that case, are quite satisfactory to us, and we are disposed to adopt them as applicable in the construction of our statute. We have been referred by counsel to cases in other States construing the statutes of those States, which if followed here might lead to a different conclusion, but the language of the statutes is not the same in every instance, and the reasoning of the court is not persuasive in the cases which are opposed to the case in New York. We hold, therefore, that this objection by plaintiff in error is not well taken. It is also insisted that the court erred in assessing the damages at the sum specified, and that the damages should be at most for but a nominal sum. This position is based upon the proposition that the court erred in amending the original judgment so as to increase it from one cent to one hundred and seventy-five dollars, and that such error will render the judgment void. If the court had jurisdiction of the person and subject-matter, then a mere error would

not render its judgment so far invalid as to be held a nullity in collateral proceedings. It is not disputed that there was jurisdiction of the person, but it is urged that there was no power to make the amendment in question. The record in the case does not disclose the grounds or reasons which oper- ated upon the court in making the amendment, and therefore, as it is a court of general superior jurisdiction, it is to be pre- sumed the amendment was within the power of the court. There can be no doubt that in certain cases of mistake and in- advertence a judgment may be amended as was done in this case, and however erroneous the action of the court may have been upon the facts before it, it must be deemed valid and binding in all collateral proceedings so long as it remains in full force and unreversed. These principles are too familiar to require the citation of authorities in their support, and be- ing applicable, must determine the point involved against the plaintiff in error.

The judgment of the circuit court will therefore be affirmed.

Affirmed.