FRANK BIRD TRANSFER COMPANY *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY.

[No. 12,433. Filed November 5, 1926. Rehearing denied January 26, 1927. Transfer denied June 9, 1927.]

1. APPEAL.—*Liability of appellants who join in appeal or supersedeas bond when judgment is reversed as to one.*—Where two judgment defendants join in taking an appeal and execute a joint appeal or supersedeas bond, each is a surety for the other and liable for the payment of the judgment, although it is reversed as to one appellant. p. 263.

2. CORPORATIONS.—Courts do not look with favor on the defense of *ultra vires.* p. 265.

3. CORPORATIONS.—*Defense of ultra vires cannot be asserted as to an executed contract.*—Where a contract has been executed and fully performed on the part of a corporation or of the party with whom it contracted, neither will be permitted to insist that the contract was not within the power of the corporation. p. 265.

From Morgan Circuit Court; *Joseph W. Williams,* Judge.

Action by the Massachusetts Bonding and Insurance Company against the Frank Bird Transfer Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Aquilla Q. Jones, William W. Hammond, C. Severin Buschmann* and *Alan W. Boyd,* for appellant.

*George Young, John F. Linder* and *S. C. Kivitt,* for appellee.

NICHOLS, J.—The facts here involved, as they appear in the special findings, are that, on May 9, 1918, a complaint was filed by Ruth Scharfe, as plaintiff, in the office of the clerk of the superior court of Marion county, against John E. Morand, George Russell, the Frank Bird Transfer Company, and the Indianapolis Transfer Company, as defendants, whereby she sought to recover damages from said defendants by reason of injuries to her resulting from the alleged negligence of said defendants. Said cause was tried in the Hancock Circuit Court on change of venue, before a jury, and a verdict was duly rendered against said defendants the Indianapolis Transfer Company, the Frank Bird Transfer Company and George Russell, assessing plaintiff's damages at $1,400.

On May 8, 1919, their separate and several motions for a new trial were filed, which were overruled, and judgment upon the verdict was rendered.

On July 30, 1919, an execution was duly issued by the clerk of the Hancock Circuit Court, directed to the sheriff of Marion county in said cause calling for $1,400 principal, $25.65 interest, and $36.50 court costs, to be collected on the judgment in said cause, and was forthwith delivered by said clerk to said sheriff, who levied said execution upon the property of appellant.

Thereafter, said Indianapolis Transfer Company, said George Russell and said Frank Bird Transfer Com-

pany, by due procedure, perfected their appeal in said cause as a vacation appeal, and filed in the office of the clerk of the Appellate Court of Indiana, August 28, 1919, a transcript of all the proceedings in said cause, together with their separate assignments of error, which cause became Cause No. 10658 in the Appellate Court. (See *Russell* v. *Scharfe* [1921], 76 Ind. App. 191, 130 N. E. 437.)

On August 8, 1919, said companies made written application and agreement of indemnification to appellee for a supersedeas bond in said cause, which was executed in the name of the Frank Bird Transfer Company and the Indianapolis Transfer Company, in which application, said companies agreed to reimburse appellee for any and all loss, costs, charges, counsel fees and expenses of whatever kind or nature which said company should or might, for any cause, at any time, sustain or incur, or be put to, for or by reason or in consequence of said company having entered into or executed said bond.

Pursuant to and in consideration for said application and indemnifying agreement so executed and of the further sum of $20 per year, appellee executed a supersedeas bond as surety in said cause in the Appellate Court, which bond was duly executed by the Indianapolis Transfer Company and the Frank Bird Transfer Company as principals, which bond was conditioned that if the said Frank Bird Transfer Company and Indianapolis Transfer Company should well and truly prosecute said appeal, and abide by and pay the judgment and costs which might be rendered or affirmed against them, then the obligation to be null and void; otherwise to be and remain in full force and virtue in law. Said supersedeas bond was duly filed and went into full force and effect and said execution was stayed on August 28, 1919.

On March 29, 1921, this court decided said cause on appeal reversing the judgment as to the Frank Bird Transfer Company, and affirming the same as to the Indianapolis Transfer Company. A petition for a rehearing was duly filed by Mrs. Scharfe and overruled and said cause was certified back to the Hancock Circuit Court.

On June 15, 1921, execution was duly issued on said judgment by said clerk of the Hancock Circuit Court to the sheriff of Marion county against George Russell and the Indianapolis Transfer Company, but the said sheriff was unable to find any property belonging either to said Russell or said Indianapolis Transfer Company, and neither of said defendants has had assets or property subject to execution since July 30, 1919.

The Frank Bird Transfer Company on July 30, 1919, and continuously since that time, owned property subject to execution more than sufficient to satisfy the said judgment.

After said cause was certified back to said Hancock Circuit Court, said Scharfe made a demand upon Frank Bird Transfer Company, appellant herein, for the payment of said judgment of $1,400, with six per cent. interest from April 11, 1919, and court costs, which demand was by said company refused. Thereafter, on June 20, 1921, she filed a complaint in the superior court of Marion county against appellee seeking to recover the amount of said judgment from said company on its said *supersedeas* bond. Appellee, upon the statement of counsel for appellant Frank Bird Transfer Company that he knew of no defense to the said cause of action on its said bond, paid said judgment, together with costs and interest thereon, in the total sum of $1,699.92, together with $4.50 court costs. Appellee, prior to the filing of this suit, demanded that appellant repay to it the amount so paid to satisfy said judgment,

together with the interest thereon and a reasonable attorney's fee, which demand was by said Frank Bird Transfer Company refused.

Appellee was compelled to employ an attorney in order to investigate its liability in the said suit upon its said bond and to defend and to prosecute this cause, and a reasonable fee for all of said services is $500.

Said claim upon said bond was a valid and binding claim against appellee to the full extent of said judgment in favor of said Ruth Scharfe for $1,400 principal, with six per cent. interest from April 11, 1919, together with court costs.

Appellee executed said bond in consideration of said indemnifying agreement and said premium, and appellant received all the benefits incident to its supersedeas bond by reason of its having executed said bond and said indemnifying agreement.

The court, on due request in writing, made special findings of facts, on which it stated conclusions of law in favor of appellee, upon which judgment was rendered against appellant for $2,531.40, from which this appeal, appellant assigning as error the court's ruling on respective demurrers to the second and third paragraphs of complaint on appellee's demurrer to appellant's answer, and the conclusions of law. Substantially the same questions are presented by the demurrers as by the exceptions to the conclusions of law.

It is appellant's contention that its liability on the supersedeas bond ceased when the judgment was reversed as to it, but we do not so understand the

1. law. A question substantially the same was presented to this court in *Manweiler* v. *Truman* (1919), 71 Ind. App. 658, 125 N. E. 412. In that case, there was a joint judgment, joint motion for a new trial, joint bond, and joint assignment of error, and the court held that in view of the fact that the judgment must

be affirmed as to one of the appellants, appellant Manweiler and his mother, who signed the appeal bond as surety, were liable thereon for the payment of the judgment affirmed against one of the appellants, even though there was reversible error as to the other two appellants. The great weight of authority is in harmony with this rule. In *McDonald* v. *Mazon* (1917), 23 N. M. 439, 168 Pac. 1069, it was contended that one of the appellants would be prejudiced because the judgment was affirmed against a co-appellant, for the reason that both appellants had executed a joint supersedeas bond, and the affirmance of the judgment as to one made the other liable on the bond. The court said that the answer to this contention was that it voluntarily executed the bond in question and says: "If injury results to it, it is occasioned by its voluntarily entering into a joint supersedeas bond with its coappellant. It could have avoided liability by giving a separate bond, but it elected to supersede the judgment, not only as to itself, but for its coappellant. By joining in the bond in question as a coprincipal, it becomes a surety for its coprincipal. The reversal of the judgment as to one of the appellants does not relieve the coappellant and principal and sureties from liability on the supersedeas bond. 'The general rule is that coprincipals in a bond are sureties for each other.'"

In *Lewis, Leonard & Co.* v. *Maudlen* (1893), 93 Ga. 758, 21 S. E. 147, there was a joint appeal to the superior court, and joint appeal thereafter, both appeals being given to Maudlen, Brown and McKinney. The court said: "Although the verdict of the jury in the superior court relieved Maudlen and McKinney from liability as sureties on the note, it did not relieve them of their liability on the bond which they had entered into jointly with Brown in order to take the case from the county court to the superior court. Their defense

MAY TERM, 1927. 265

Frank Bird Tfr. Co. *v.* Mass. Bonding, etc., Co.—86 Ind. App. 259.

was different from that of Brown, and they could have entered a separate appeal, but they elected to join in the same appeal and both with Brown. The general rule is that coprincipals are sureties for each other (1 Brandt on Suretyship §38) ; and we see no reason why the rule should not apply to an appeal bond." Other authorities are: *Brown* v. *Connor* (1849), 32 N. C. 75, 77; *Bentley* v. *Dorcas* (1860), 11 Ohio St. 398; *Ives* v. *Hulce* (1885), 17 Ill. App. 35; *Larson* v. *Hanson* (1913), 26 N. D. 406, 51 L. R. A. (N. S.) 655, 664; *Alber* v. *Froehlich* (1883), 39 Ohio St. 245; *Vandyke* v. *Weil* (1864), 18 Wis. 291.

Nor do we agree with appellant's contention that both the supersedeas bond and the indemnifying agreement were *ultra vires* and void in so far as they pur-

2, 3. port to render appellant liable for the debt of another transfer company. At the time of the execution of these instruments, the case was pending in the Appellate Court, and there was an execution in the hands of the sheriff ready to levy upon the property of one or both of the defendants. Because of the supersedeas bond, executed in consideration of the indemnifying agreement, the levy of the execution on appellant's property was prevented, and it was enabled to prosecute its appeal on its merits in the Appellate Court, without further annoyance. Thus it appears that appellant received a benefit from the *supersedeas* bond, for the execution of which by appellee, it agreed to indemnify appellee against loss. Courts do not look with favor upon the defense of *ultra vires*, and it is now so thoroughly established as to be no longer open to question that, where a contract has been executed and fully performed on the part of a corporation or of the party with whom it contracted, neither will be permitted to insist that the contract was not within the power of the corporation. *Wright* v. *Hughes* (1889), 119 Ind.

324, 331, 21 N. E. 907; *State Board of Agriculture* v. *Citizens Street R. Co.* (1874), 47 Ind. 407, 17 Am. Rep. 702; *Breinig* v. *Sparrow* (1907), 39 Ind. App. 455, 462, 80 N. E. 37; *Seamless, etc., Mfg. Co.* v. *Monroe* (1914), 57 Ind. App. 136, 106 N. E. 538; *Flint & Walling Mfg. Co.* v. *Kerr-Murray Mfg. Co.* (1900), 24 Ind. App. 350, 56 N. E. 858.

These are the substantial questions presented, and, having determined them as above, we hold that the court did not err in its rulings on the demurrers, nor in its conclusions of law. The judgment is affirmed.