**MONSIGNOR BERNARD P. SHERIDAN COUNSEL NO. 6138 KNIGHTS OF COLUMBUS, Appellant–Defendant,**

v.

**BARGERSVILLE STATE BANK, Appellee–Plaintiff.**

No. 41A01–9305–CV–159.

Court of Appeals of Indiana,
First District.

Sept. 15, 1993.

James N. Scahill, Schnorr, Good & Scahill, Indianapolis, for appellant-defendant.

Brian C. Hewitt, Van Valer & Williams, Greenwood, for appellee-plaintiff.

BAKER, Judge.

Today we are asked whether a not-for-profit corporation may guarantee members' loans and mortgage property to secure such a guaranty. Appellant-defendant Monsignor Bernard P. Sheridan Counsel No. 6138 Knights of Columbus, Inc. (K of C) appeals the trial court's grant of summary judgment in favor of appellee-plaintiff Bargersville State Bank (Bank) enforcing its guaranty and mortgage. K of C presents the following issues for our review:

I. Whether the guaranty and mortgage were ultra vires.

II. Whether statutory law prohibits the K of C's guaranty and mortgage.

*FACTS*

In the Bank's motion for summary judgment and the K of C's cross motion for summary judgment, both parties agree the following facts are not in dispute.

On January 19, 1988, the Bank loaned Jerome C. Schnarr $58,000. At the time, Schnarr was president and a director of the K of C, a not-for-profit corporation organized under the Indiana Not–For–Profit Corporation Act of 1971. The Bank granted Schnarr the loan based on: 1) a promissory note executed by Schnarr, d/b/a J. Curtis Daniel & Associates, 2) the absolute and unconditional guarantee of prompt and full payment of Schnarr's loan and a warranty that the guarantee was for a corporate purpose executed by the K of C through Grand Knight Eugene V. Durchholz and Trustee William R. Beaver, 3) a Certificate of Resolution executed by the Finance Subcommittee of the K of C authorizing Durchholz and Beaver to use specified real estate[1] owned by the K of C as collateral for Schnarr's loan and to co-sign on Schnarr's loan and certifying the corporation's and the Finance Committee's authority to adopt the resolution, 4) a collateral pledge agreement executed by Durchholz and Beaver on behalf of the K of C granting the Bank a security interest in the specified real estate to secure payment of the loan, and 5) a mortgage on the specified real estate executed by Durchholz and Beaver on behalf of the K of C to secure the K of C's guaranty.

In April of 1988, the K of C, through Grand Knight Durchholz and Chancellor Jerome C. Schnarr, executed an additional mortgage on the same real estate in favor of the Bank to secure separate loans made to the K of C itself. Grand Knight Patrick C. Mathews and Financial Secretary William R. Beaver renewed the loans in December of 1990.

Schnarr subsequently defaulted on his $58,000 note to the Bank and filed for bankruptcy. The Bank sought to enforce the K of C's guaranty. After the K of C refused to honor its guaranty, the Bank declared the K of C's January 1988 mortgage securing its guaranty in default. Based on the K of C's refusal to make any payments under its guaranty, the Bank also declared the K of C in default on its April 1988 mortgage and its December 1990 note.

The Bank thereafter instituted a lawsuit based on the original guaranty, the December 1990 notes and to foreclose both mort-

---

**1.** The real estate pledged as collateral by the K of C for Schnarr's loan is located in Johnson County, Indiana, at 695 Pushville Road, Greenwood, Indiana, 46143. *Record* at 9.

gages. The K of C answered, denying liability on the guaranty. The K of C claimed as a not-for-profit corporation it was unable to guarantee obligations or loan money or property to its officers or directors, and thus, its guaranty and mortgage were unenforceable as ultra vires. The Bank and the K of C moved for summary judgment pursuant to Ind.Trial Rule 56(C). The trial court granted the Bank's motion and denied the K of C's motion. The K of C now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

Summary judgment is proper when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." T.R. 56(C); *Walker v. Rinck* (1992), Ind., 604 N.E.2d 591, 593. In reviewing summary judgment the appellate court faces the same issues that were before the trial court and follows the same process. *Id.* The party appealing summary judgment must persuade the appellate court the trial court erroneously granted summary judgment. *Id.* In a case such as the present one where there is no factual dispute, our task is to determine what law arises from the facts and whether the trial court correctly applied the law. *See Deadwiler v. Chicago Motor Club Insurance Co.* (1992), Ind.App., 603 N.E.2d 1365, 1366.

### II. Whether the Guaranty and Mortgage Were Ultra Vires

The K of C contends the trial court erred in not finding its guaranty and mortgage were ultra vires, claiming execution of a guaranty and mortgage are not within its corporate powers. The K of C acknowledges it owned the real estate mortgaged and executed the guaranty and pledge of collateral pursuant to a Certificate of Resolution properly executed by its officers, yet argues it is not bound by the guaranty and mortgage because it lacked express authority to guarantee Schnarr's loan.

The K of C argues the Certificate of Resolution authorized its officers to use its real estate as collateral and to co-sign on Schnarr's loan, but not to guarantee it. It also argues its Articles of Incorporation do not specifically authorize it to guarantee loans of its officers or directors. We disagree.

The generally recognized power of a corporation to mortgage its real estate is limited to the furtherance of legitimate corporate business. *First Merchants National Bank & Trust Co. of Lafayette v. Murdock Realty Co.* (1942), 111 Ind.App. 226, 239–40, 39 N.E.2d 507, 513. It is ultra vires of a corporation to execute a contract of guaranty not in furtherance of its business, unless the corporation is given express authority to do so by its Board of Directors. *Id.*

The K of C incorrectly claims that we held in *Murdock* that the action of a corporation in mortgaging its assets and guaranteeing debts of officers could not by any stretch of the imagination ever be said to be in furtherance of corporate business. The corporation in *Murdock* was a realty company whose business was to buy and sell real estate, and therefore, guaranteeing officer's loans could not be said to be in furtherance of its realty business. Moreover, the bank in *Murdock* insisted on the realty company's guarantee knowing that such guaranty was not in furtherance of corporate business. The corporate business of the K of C makes this case distinguishable from the *Murdock* case.

The K of C's Articles of Incorporation provide:

The purposes for which the Corporation is formed are: To unite its membership in the bonds of fraternity, benevolence and charity, *to assist their members and their families in time of need;* to render particular service to orphaned children, aged members and their families. Said corporation shall have power to purchase, take, hold, lease, rent, sell or *mortgage property and to do all things incidental, necessary or convenient in the carrying out of the foregoing purposes.* All of which are to be carried out not for profit and without shares of

stock, it being a [sic] elemosynary corporation.

*Record* at 82 (emphasis added).

■ The K of C's Articles expressly state that the K of C's corporate purpose is to assist its members in time of need. The Articles expressly grant the K of C power to mortgage property and do all other things incidental, convenient, or necessary in carrying out the foregoing purpose. Thus, the Articles gave the K of C express power to guarantee Schnarr's loan and secure its guaranty with a mortgage in order to help member Schnarr obtain his loan. The trial court did not err in finding the guaranty and mortgage were authorized acts in furtherance of K of C's corporate business as provided in its Articles of Incorporation.

Furthermore, the duly adopted Certificate of Resolution expressly authorized the K of C to co-sign on Schnarr's loan and to mortgage its real estate as collateral. The K of C argues authority to co-sign is not authority to guarantee a loan. The technical distinction between a co-signor and a guarantor is immaterial here. As a guarantor, the K of C agreed to pay Schnarr's debt if Schnarr defaulted, which he did. If it had co-signed, the K of C would have assumed greater liability in being primarily liable on Schnarr's loan. Thus, we conclude the Articles gave the K of C express authority to enter into the contracts of guaranty and mortgage.

■ In addition, courts do not look with favor upon the ultra vires defense and it has long been held that, where a contract has been executed and fully performed by the corporation or the party with whom it

contracted, neither party is permitted to insist the contract was not within the power of the corporation. *See Frank Bird Transfer Co. v. Massachusetts Bonding & Insurance Co.* (1926), 86 Ind.App. 259, 265, 153 N.E. 816, 818–19. Just as it would have in 1926, justice prohibits the K of C from availing itself of the ultra vires defense, because the Bank had fully performed under an enforceable contract by granting Schnarr the loan.[2]

Further still, under principles of common honesty and good faith, the K of C cannot assert an ultra vires defense. The K of C expressly warranted to the Bank that the guaranty was given for a corporate purpose. Application of the ultra vires doctrine in this case would accomplish an unjust end and result in the perpetration of a legal fraud. *See Huntington Brewing Co. v. McGrew* (1916), 64 Ind.App. 273, 282, 112 N.E. 534, 537. Because the uncontroverted facts show that the Bank fully performed and the guaranty and mortgage were in furtherance of legitimate corporate business and expressly authorized, and based upon established principles of justice, honesty, and good faith, the K of C is precluded from asserting an ultra vires defense.

### III. Statutory Prohibition of the Guaranty and Mortgage

The K of C contends the trial court erred in enforcing its contracts because its execution of a guaranty, mortgage, and collateral assignment was prohibited by statute. The K of C claims its guaranty and mortgage were remuneration or a loan to director Schnarr, prohibited by IND.CODE 23–7–1.1–4(c)[3] and 23–7–1.1–15,[4] the

2. We note that had the Bank been in pari delicto (in equal fault) with the K of C in an illegal contract, justice would have required that we left the parties where we found them, even where the Bank had fully performed. Moreover, if the K of C had shown that the Bank was guilty of intentional misconduct with respect to the transaction, the equitable doctrine of unclean hands would have prevented the Bank from foreclosing on the mortgages. *See Tomahawk Village Apartments v. Farren* (1991), Ind. App., 571 N.E.2d 1286, 1294; *Dicus v. Ripley County Bank* (1984), Ind.App., 471 N.E.2d 1257, 1261.

3. I.C. 23–7–1.1–4(c) reads as follows:

No corporation shall, by any implication or construction possess the power of engaging in any activities for the purpose of or resulting in the pecuniary remuneration to its members as such, but this provision shall not prohibit reasonable compensation to members for services actually rendered; nor shall the corporation be prohibited from engaging in any undertaking for profit so long as such undertaking does not inure to the profit of its members.

4. I.C. 23–7–1.1–15 reads as follows:

Indiana Not For Profit Corporation Act. We disagree.

 Nothing in the record suggests the K of C executed the guaranty and mortgage to recompense Schnarr for an equivalent service, loss, or expense; therefore, the K of C did not violate the prohibition of pecuniary remuneration to members. *See* I.C. 23–7–1.1–4(c). Rather, in furtherance of its legitimate corporate purpose of assisting members in time of need, the K of C acted as a guarantor of Schnarr's promissory note to help its member obtain a loan. The K of C's mortgage merely secured its guaranty to the Bank and was not a loan to Schnarr in violation of I.C. 23–7–1.1–15. The guaranty and mortgage were not prohibited by statute because they were neither pecuniary remuneration, nor a loan to Schnarr.

As discussed in *Issue II*, the K of C was incorporated to assist members and their families in time of need by mortgaging property and doing all things incidental and convenient to carry out this purpose. I.C. 23–7–1.1–4(b) expressly authorizes the K of C to mortgage its property and pledge its obligations to carry out the purposes for which it was formed.[5] The trial court did not err in concluding the K of C's guaranty of Schnarr's loan and the mortgage securing its guaranty were authorized.

### CONCLUSION

The trial court did not err in finding the K of C's guaranty, mortgage and collateral agreement were not ultra vires or statutorily prohibited but instead expressly authorized. The trial court did not err in granting the Bank's motion for summary judgment, because there was no genuine issue as to any material fact and the Bank was entitled to a judgment as a matter of law. Therefore, the trial court's grant of the Bank's summary judgment motion is in all aspects affirmed.

Judgment affirmed.

ROBERTSON and RUCKER, JJ., concur.

---

No corporation shall make any advancement for services to be performed in the future or shall make any loan of money or property to any officer or director of the corporation.

**5.** The significant provisions of I.C. 23–7–1.1–4(b) read as follows:

(b) Subject to any limitations or restrictions imposed by law, or the articles of incorporation, or any amendment thereto, each corporation shall have the following general rights, privileges, and powers:

(4) To acquire, own, hold, use, lease, mortgage, pledge, sell, convey or otherwise dispose of property, real or personal, tangible or intangible;

(5) To borrow money and to issue, sell or pledge its obligations and evidences of indebtedness, and to mortgage its property and franchises to secure the payment thereof;

(6) To carry out its purposes in this state and elsewhere;

(13) To do all acts and things necessary, convenient or expedient to carry out the purposes for which it was formed.