NEW-YORK,
May, 1829.

Elliott
v.
Brown.

ELLIOTT *vs.* BROWN.

ERROR from the New-York common pleas. Brown sued Elliott in an action of an assault and battery. The defendant pleaded not guilty, and subjoined a notice of *son assault demesne.* On the trial of the cause, the plaintiff proved that the defendant struck him in the face, or put his fist in his face; upon which, as it appeared by the evidence on the part of the defendant, the plaintiff threw the defendant down on the pavement with violence, and when he arose again, clenched him and threw him down, his head striking the curb stone; his head was badly cut, and bled; he was greatly hurt and bruised, and was confined to his room for sixteen or seventeen days, and was attended by a physician, who testified that he found him very ill on the night he received the injury, that he was laboring under a concussion of the brain, and a wound in his head which was bleeding. It appeared that the plaintiff was a very large and powerful man, and that the defendant was a small, elderly man, and that it was with difficulty the former was torn from the latter when lying on the ground. The testimony was conflicting as to the fact whether the defendant struck the first blow.

The judge charged the jury that they must determine who commenced the affray by committing the first personal violence; that the defendant had been much hurt, but yet the inquiry must be, who committed the first act of violence; and if they found that it was the defendant, their verdict must be for the plaintiff; but that in such case the injuries sustained by the defendant ought to be considered in mitigation of damages. The counsel for the defendant insisted that the judge should charge the jury, that though they should believe that the defendant had put his fist in the plaintiff's face, yet if the plaintiff provoked it and followed it up by unnecessary violence, he became a trespasser, and the defendant would stand justified; to which the judge replied, that if one man commen-

*The party first attacked in a personal rencontre between two individuals is not entitled to maintain an action for an assault and battery, if he uses so much personal violence towards the other party, exceeding the bounds of self-defence, as could not be justified under a plea of son assault demesne, were he the party defendant in a suit.*

*It seems, it would be proper that a judge at the circuit, when desired by a jury, should instruct them as to the effect of their verdict on the question of costs in an action of assault and battery.*

ces an assault upon another, and he in defending himself does violence to the person assaulting him, not necessary to his own defence, he thereby gives a cause of action for such violence on his part, yet he loses not his own cause of action, which accrued to him from the first assault and battery which had been committed on him; to which opinion the defendant excepted.

The jury, after having retired, came into court and requested to be instructed what amount of damages would carry costs.. The judge told them their inquiry ought to be, whether or not an assault and battery had been committed by the defendant upon the plaintiff; if they found that it had not been committed, their verdict should be for the defendant, otherwise for the plaintiff, to whom they should award such damages as the wrong required, without reference to the costs; that it was his duty to give them all .proper information in matters of law necessary to aid them in the illustration or determination of the facts before them, but that the information sought was not necessary for that purpose. The counsel for the defendant again excepted.

*D. Graham,* for plaintiff in error.

*J. Edwards,* for defendant.

*By the Court,* SAVAGE, Ch. J. The first question is an important one, and it is rather strange that no case is to be found, as far as my researches have extended, where the point has been adjudicated. It has been decided by this court, though I cannot find the decision reported, that there cannot be a recovery by both parties in cross-actions. The party who first recovers, may plead that recovery in the suit against himself for the same affray. Had the parties been reversed in this case, upon the same testimony which was given, the court would no doubt have charged the jury, that although Elliott might have committed the first assault, yet if Brown used more violence than was necessary to his own defence, he became a trespasser and was liable to pay damages to the plaintiff. Such unquestionably is the law. It was so laid down by Holt, Ch. J., in *Cockcroft* v. *Smith,*

NEW-YORK,
May, 1829.

Elliott
v.
Brown.

(*Salk.* 642,) where he says, " That for every assault, he did not think it reasonable a man should be banged with a cudgel ; that the meaning of the plea (*son assault demesne*) was, that he struck in his own defence." The facts of the case are not given, but from what appears in 1 *Ld. Raym.* 177, it was an action for mayhem, in biting off the plaintiff's finger, and the first assault by the plaintiff was tilting the form on which the defendant sat, whereby the defendant fell ; or, according to 11 *Mod.* 43, in a scuffle the plaintiff ran his finger towards the defendant's eyes, whereupon the defendant bit off a joint. It was held in that case a good defence. But the principle is laid down by the court, though they say contrary to common practice, that for a small assault there must not be an unequal return ; but the question should be, what was necessary for a man's defence ; not who struck first. This case of *Cockcroft* v. *Smith* is referred to by all subsequent writers.

The same principle was recognized in South Carolina, in the case of *The State* v. *Wood,* (1 *Bay,* 351.) The defendant was indicted for an assault and battery on a woman. He proved that she struck him first with a cowskin, whereupon he gave her several severe blows with a large stick and left her speechless on the ground. The court directed a verdict against the defendant. They agreed that the general rule of law is, that it is a justification to the defendant that the prosecutor or plaintiff gives the first blow ; but the resistance ought to be in proportion to the injury offered. Where a man disarms the aggressor, or puts it out of his power to do further injury, he ought to desist from further violence ; and if he commits any further outrage, he becomes the aggressor. The case in *Salk.* 642, is cited as sound law. So the master of a vessel has a right to use proper chastisement for disobedience of orders ; but if it be excessive and out of proportion to the offence, he becomes a trespasser. (15 *Mass. R.* 347, 365.) And so in all cases where the right of chastisement is given by law, if unnecessary severity is used, an action or an indictment lies. The plaintiff in this case had no greater rights than those who are permitted by law to chastise others under their control. Admitting that the de-

fendant gave the first blow, this authorized the plaintiff to re-sist force by force, and to disarm or disable his adversary; but it did not authorize an athletic, gigantic man to crush almost to death a little, feeble old man. There can be no manner of doubt, then, that had Elliott sued Brown, he would have been entitled to recover exemplary damages; and from former decisions, should this recovery be sustained, it is a bar to any action which Elliott may bring. Can the law tolerate such injustice? How can the plaintiff be in any better situation in the eye of the law and of reason by being plaintiff, than he would be in were he the defendant? If the law is as stated in the court below, any person who is assault-ed ever so slightly, and that too upon his own provocation, may turn upon his assailant and beat him as much as he pleases without killing him, and yet recover damages from the man whom he has thus abused. The law is not charge-able with such injustice. It is true that both parties may be guilty of a breach of the peace, and may be liable to punish-ment by indictment at the suit of the people, whose laws they have both offended; but a civil action cannot surely be sus-tained by each of them against the other. The judge should have told the jury, that although the defendant might have given the first blow, yet if the plaintiff had used not only more force than was necessary for self defence, but had un-necessarily abused the defendant, that then he was not en-titled to recover damages; but was liable to pay damages, should Elliott prosecute him.

On the other point, the judge's direction to the jury was strictly correct. It is the duty of the jury to ascertain what damages the plaintiff has sustained, and also how much the defendant ought to be punished; and if the jury consider the costs as part of the amount which the defendant should pay, and wish to give no greater damages than barely enough to carry costs, or to give such a sum as will not carry costs, they have a right so to do. I think, therefore, it would have been proper to have given the jury the information they wanted. But without deciding whether the refusal of the judge to state the law relating to costs to the jury was erro-neous, I am of opinion that the judgment should be revers-ed on the first point.