# Dole *v.* Erskine and Chase.

35 503
74 403

In assault and battery, if the party first assaulted uses excessive force beyond what is necessary for self-defence, he is liable for the excess, and the facts may be shown under the replication of *de injuria.*

A recovery may be had in cross actions for the same affray — by the assaulted party, for the assault and battery first committed upon him; and by the assailant, for the excess of force used beyond what was necessary for self-defence.

Where, under the act of 1852, an action against two or more defendants is referred to a commissioner to state the facts, the commissioner has no power to discharge one of the defendants, so as to make him a witness for the others.

Trespass, for assault and battery, alleged to have been committed by the defendants upon the plaintiff, at Claremont, in said county, on the 13th of November, 1854. The defendants severally pleaded as follows:

Chase pleaded, first, the general issue, not guilty; secondly, that on the day of the alleged assault the plaintiff violently assaulted, beat and wounded the other defendant, Erskine, committing a breach of the peace, and that he interfered to prevent such breach of the peace, using no more force than was necessary for that purpose; thirdly, that on the day of the alleged assault the plaintiff, and the other defendant, Erskine, were vio-

---

Dole *v.* Erskine and Chase.

---

lently engaged in fighting with each other and breaking the peace, and that he interfered to prevent such fighting and breach of the peace, using no more force than necessary for that purpose.

Erskine pleaded, first, the general issue, not guilty; secondly, that on the day of the alleged assault the plaintiff commenced the first assault, beating, bruising and wounding the defendant, and that thereupon he defended himself, using no more force than necessary for that purpose; thirdly, that although he did assault the plaintiff, as alleged in the declaration, yet the plaintiff, in defending himself against such assault, used unnecessary and excessive force, then and there beating, bruising and wounding said defendant in a grievous and shocking manner, wholly unjustifiable by law.

The action was entered August term, 1855, of the Common Pleas, and at the February term, 1856, was referred to a commissioner, who made report as follows:

1. That the defendant, Chase, was not guilty. 2. That the defendant, Erskine, committted the first assault upon the plaintiff. 3. That the plaintiff used more force than was necessary or justifiable in repelling Erskine's first assault. 4. That the defendant, Erskine, was guilty, if, under the facts found and the state of the pleadings, the plaintiff was entitled to recover damages for the first assault; otherwise, that he was not guilty.

On the trial before the commissioner, after the plaintiff had closed his evidence, and before the defendants had commenced theirs, the counsel for the defendants moved that the defendant, Chase, who it appeared was present during the whole fight between the plaintiff and Erskine, be discharged, in order that he might be admitted as a witness on the trial of Erskine, if, upon all the evidence adduced against him, the commissioner did not find him to have been guilty; which motion the commissioner denied, and the defendant excepted.

At the September term, 1856, of the Common Pleas, an action, brought by the defendant, Erskine, against the plaintiff and his minor son, George Dole, for the same assault and battery set forth in the declaration in this case, resulted in a verdict of

guilty against both defendants, with an assessment of damages in the sum of $1524, on which verdict judgment was rendered in favor of the defendant, Erskine. Upon that trial the court instructed the jury that if they found Erskine committed the first assault, he was entitled to recover damages only for the excess of violence committed by the defendants in repelling such assault.

It was agreed that if the Supreme Court should be of opinion that the plaintiff was entitled to judgment on the report against Erskine, the case should be remitted to the Common Pleas for further proceedings, with the right for Erskine to controvert the findings of the commissioner, and plead anew as he may elect, and for the defendants to controvert the findings of the commissioner.

*Cushing,* (with whom were *Williamson* and *Snow,*) for the plaintiff.

By the provisions of the statute the court are to render such judgment as the facts found by the commissioner will warrant.

The commissioner finds substantially that the defendant did assault the plaintiff; that the defendant did commit the first assault, and that the plaintiff also assaulted the defendant, using more violence than was reasonable and justifiable by way of self-defence; so that the question is simply whether the plaintiff is prevented from maintaining his action by the fact that he also has been guilty of a trespass.

It seems plain enough that his defence could not be made on the general issue. There is no authority for saying that such a defence could be made without a special plea in an action of trespass.

Is the matter found by the commissioner a justification, or otherwise a defence, supposing it had been specially pleaded?

We say that the books do not furnish a precedent of such a plea, nor an authority in support of such a plea. It would be strange if such has ever been the law, that it should not somewhere be found. A careful search of all the collections of pleadings within our reach has furnished no such precedent.

But the case further finds certain facts in regard to the action of *Erskine* v. *Dole*. It is not obvious to us how those facts can be material to the matter before the court. All those facts were not only after the commencement of the action, but after the pleadings were closed. They cannot avail the defendant except by being pleaded *puis darrein continuance.* But as the defendant may yet have leave on some terms to plead them, it may be that the court will think proper to determine beforehand in this action what will be the effect of such a plea.

1. Can the fact that Erskine has obtained a judgment in his suit, be available ? If it can, it must be either as a bar, in which case it must be pleaded ; and it is strange, indeed, if such be the case, that no trace of it can be found in the books. Or it must be by the way of estoppel. If issue had been taken on the question whether Dole's assault was excessive, and so found, such a verdict and judgment would conclude Dole as to that fact. But the commissioner has reported that fact in the same way, so that the estoppel is of no importance.

2. Can it be material that the judge instructed the jury that Erskine could only recover for the excess ?

This instruction must mean that the jury should return no damages for so much of Dole's assault as was necessary in his self-defence. But surely that can furnish no reason why Dole should not recover damages for the injury he has received. It cannot be contended that the force necessary for self-defence shall be set off against the other party's trespass. Suppose Erskine had, by his first assault, done a great bodily injury to Dole ; suppose he had knocked out a tooth or an eye, and then entirely desisted ; and then Dole had assaulted and beaten him ; would the fact that Dole had committed that trespass prevent him from recovering his damage for the wrong done to himself ?

If, then, it were a correct view of the law, that the plaintiff, when the defendant pleads *son assault demesne,* may recover for the excess, as it is called, that would furnish no reason why the party assaulted should not recover his damages for the injury by him sustained.

But we think that is not a correct view of the law. It is true that there is a class of cases in which it has been held that when the defendant justifies, the plaintiff, if he will take the ground that the defendant continued his acts longer than his justification covers, must *new assign*, that is, must reply that the acts complained of are not those which the defendant justifies, but further trespasses, acts not necessary, and for which he ought to pay damages. This is sometimes called replying the excess.

In an action for false imprisonment, the defendant pleaded that the plaintiff, having been arrested, he became his bail, and while the trial was pending took the plaintiff to surrender him, &c. The plaintiff *new assigned*, that he paid and satisfied the writ, and that the defendant imprisoned him one hour afterwards. *Lambert* v. *Hodgson*, 1 Bing. 320.

But it is settled that this rule does not apply to the plea *son assault demesne*. *Cockcroft* v. *Smith*, 2 Salkeld 642; *Dale* v. *Wood*, 7 J. B. Moore 33; *Curtis* v. *Carson*, 2 N. H. 539; *Bennett* v. *Appleton*, 25 Wend. 371.

The plea of *son assault demesne* is a justification by matter of law. The defendant proves it by proving a reasonable self-defence. If he *abuse* the authority which the law gives him, he fails in his plea, and the jury must allow such damage as they find reasonable and proper under all the circumstances.

*Burke*, (with whom was *Ticknor*,) for the defendants.

1. Upon the facts found, and the state of the pleadings in this case, the defendants are entitled to judgment.

The facts, as found by the commissioner, acquit the defendant Chase absolutely.

In connection with the pleadings, they substantially acquit, also, the defendant Erskine.

It is a well settled principle of law, that a party who is guilty of unnecessary and unreasonable force in repelling an assault, is liable as the aggressor for the damage which results from such excess of force, although the other party committed the first assault. 1 Russell on Crimes 756; *State* v. *Wood*, 1 Bay 351;

*State* v. *Quim,* 2 Conn. 694; *Bennett* v. *Appleton,* 25 Wendell 371.

Having exceeded the right which the law gives him to repel the force of his assailant, he is a trespasser *ab initio.* 1 Chitty's Pl. 625; *Curtis* v. *Carson,* 2 N. H. 539.

And the plaintiff may render the replication *de injuria,* &c., to a plea of *son assault demesne,* give such excess of force in evidence without a new assignment or special replication. 2 Greenleaf's Ev., sec. 95; *Hannen* v. *Edes,* 15 Mass. 347; 1 Stephens' Nisi Prius 216; *Fisher* v. *Bridges,* 1 Blackford 518, 4 U. S. Dig. 154, sec. 25; *Ayer* v. *Kelley,* 11 Illinois 17; 11 U. S. Dig. 40, sec. 21.

And two questions of fact arise under such a state of the pleadings, viz.: 1st. Did the plaintiff commence the first assault? And, 2d, if so, did the defendant, in repelling such assault, use more force than was necessary in his defence? If both of these facts are found affirmatively, the plaintiff is entitled to a verdict. *Bartlett* v. *Churchill,* 24 Vt. 218; 13 U. S. Dig. 613, sec. 54.

From the principles settled by the authorities above cited the conclusion results, that the lesser assault of the party commencing the fight is merged and extinguished in the greater and unnecessary force of the other, exerted in self-defence, leaving the excess only for adjudication and satisfaction in damages. Or, perhaps, the more technical view of the case would be, to hold the latter guilty as a trespasser *ab initio,* leaving the fact that his antagonist committed the first assault to be proved in mitigation of damages.

It is substantially an offset of force against force, holding that party responsible in damages who has used an excess of force not necessary in self-defence. It is analogous to the case of a set-off in assumpsit, the judgment being given in favor of the party against whom the excess of force is used.

In most, if not all of the cases above cited, it appears that the parties commencing the fights were the plaintiffs.

Upon principle and authority the law must be the same, when

he upon whom the first assault is committed, and who in defence uses excessive force, commences the action. *Elliott* v. *Brown*, 2 Wendell 497.

The case above cited is precisely in point, both in its facts and pleadings.

And this view of the law would prevent multiplicity of actions. It would not only be inexpedient but absurd to divide an assault and battery, giving damages for one part of it to one of the parties, and for the other part of it to the other party.

The law permits no such absurdity, but wisely decides that when an assault is first committed by one party, and the other party is guilty of an excess of force in defence, the original assault shall be merged in the unlawful defensive force used, and damages shall be given only for the excess of the latter.

2. The matter in issue between the parties has been litigated, and must now be regarded as *res adjudicata.*

The case finds that another action for the same assault, in which Erskine, the defendant in this action, was plaintiff, and Dole, the present plaintiff, was defendant, has been tried, and a verdict and judgment rendered for Erskine. This recovery is a defence to any farther prosecution of this action on the part of Dole, and may be thus pleaded, if this action shall be remanded to the lower court for further proceedings.

3. It was the duty of the commissioner to admit the testimony of the defendant, Elijah B. Chase.

The commissioner found, on the evidence offered by the plaintiff, that Chase was not guilty. The objection to his testimony, therefore, became merely technical, and substantial justice required that it should be admitted for the defendant, Erskine, who, as all the facts of the case show, was the injured party. And they show, too, that Chase was included in the action as a party defendant, merely to exclude his testimony. If commissioners have not the power, under such circumstances, to admit the testimony of witnesses, litigation must be prolonged, and a tribunal erected by law to facilitate justice, must, in such cases, become a substantial failure.

Dole *v.* Erskine and Chase.

EASTMAN, J. The only reported decision that we have been able to find, where the question presented was the same as that raised in the case before us, is that of *Elliott* v. *Brown*, 2 Wendell 499. In that case it was held that the party first attacked, in a personal rencounter between two individuals, is not entitled to maintain an action for an assault and battery, if he uses so much personal violence towards the other party, exceeding the bounds of self-defence, as could not be justified under the plea of *son assault demesne*, were he a party defendant in a suit.

If the rule laid down in that case is sound law, this suit cannot be sustained, for the commissioner to whom the action was referred has reported, that, although the defendant committed the first assault, yet the plaintiff used more force than was necessary or justifiable in repelling that assault.

The ground upon which the decision in *Elliott* v. *Brown* was placed, is, that there cannot be a recovery in cross actions for the same affray, but that the party who first recovers may plead that recovery in a suit against himself. No authority is cited to sustain that position, and it appears to us that it is not well founded.

If an assault is made upon a party, it may be repelled by force sufficient for self-defence, even to the use of violence; and if no more force is used than what is necessary to repel the attack, the party assaulted may, under the plea of *son assault demesne*, show the facts and have judgment. To this extent the law is well settled. 2 Greenl. Ev:, c. 95, and authorities cited. If the affray stops there, the party first assailed, being justified in what he has done in self-defence, may have his action for the injury that he has received. He has himself done nothing more than what the law permits; but the other party, in commencing and following up the assault, is liable not only for a breach of the peace, but for all the personal injuries that he has inflicted.

But if the person assaulted uses excessive force, beyond what is necessary for self-defence, he is liable for the excess, and the facts may be shown under the replication of *de injuria*. *Curtis*

Dole *v.* Erskine and Chase.

v. *Carson*, 2 N. H. 539 ; *Hannen* v. *Edes*, 15 Mass. 349 ; *Cock-croft* v. *Smith*, Salk. 642 ; Bul. *Nisi Prius* 18.

Up to the time that the excess is used, the party assaulted is in the right. Until he exceeds the bounds of self-defence he has committed no breach of the peace, and done no act for which he is liable ; while his assailant, up to that time, is in the wrong, and is liable for his illegal acts. Now, can this cause of action which the assailed party has for the injury inflicted upon him, and which may have been severe, be lost by acts of violence subsequently committed by himself ? Can the assault and battery, which the assailant himself has committed, be merged in or set off against the excessive force used by the assailed party ? Unless this be so, and the party first commencing the assault and inflicting the blows, and thus giving to the other side a cause of action, can have the wrong thus done and the cause of action thus given, wiped out by the excessive castigation which he receives from the other party, then each party may sustain an action ; the one that is assailed, for the assault and battery first committed upon him, and the assailant, for the excess of force used upon him beyond what was necessary for self-defence.

We think that these are not matters of set-off ; that the one cannot be merged in the other, and that each party has been guilty of a wrong for which he has made himself liable to the other. There have, in effect, been two trespasses committed ; the one by the assailant in commencing the assault, and the other by the assailed party in using the excessive force ; and, upon principle, we do not see why the one can be an answer to the other, any more than an assault committed by one party on one day can be set off against one committed by the other party on another day. The only difference would seem to consist in the length of time that has elapsed between the two trespasses. In a case where excessive force is used, the party using it is innocent up to the time that he exceeds the bounds of self-defence. When he uses the excessive force, he then for the first time becomes a trespasser. And wherein consists the difference,

except it be that of time, between a trespass committed by him then, and one committed by him on the same person the day after?

In *Elliott* v. *Brown*, it is conceded that both parties may be indicted and both be criminally punished, notwithstanding it was there held that a civil action can be maintained only against him who has been guilty of the excess. If this be so, and each party can be criminally punished, then each must have been guilty of an assault and battery upon the other; and if thus guilty, why should not a. civil action be maintained by each? It would seem that the fact that both are indictable shows that each is in the . wrong as to the other, and that each has a cause of action against the other, and that such cause of action may be successfully prosecuted, unless one is to be set off against the other. That torts are not the subjects of set-off is entirely clear.

We arrive then at the conclusion that the causes of action existing in such cases cannot be set off, the one against the other, nor merged, the one in the other, but that each party may maintain an action for the injury received; the assailed party, for the assault first committed upon him, and the assailant for the excess above what was necessary for self-defence.

This rule, it appears to us, will do more justice to the parties and more credit to the law than the other, for by it the party who has commenced the assault, and who has been the moving cause of the difficulty, is made to answer in money, instead of having his assault merged in the one which he has provoked, and which has been inflicted upon him by his antagonist.

We think, also, that the view of the case which we have taken derives much strength from the fact that no precedent can be found of any pleading sustaining the defendants' views. It is remarkable that such a plea cannot be found in any of the books, if the defence has ever been regarded by the courts as good law.

The decision of the commissioner in declining to admit Chase as a witness was correct. In prosecutions against two or more, the court, where there is no evidence against one, or where it is very slight, may permit a verdict to be taken in his favor, on

Dole *v*. Erskine and Chase.

which judgment may be entered, and he may afterwards be used as a witness. 1 Greenl. Ev., secs. 363, 379.

But the same power does not rest in a commissioner. He cannot discharge a party or render a judgment in his favor, nor admit him as a witness, only according to the special provisions of the act.

Our opinion therefore is, that, upon the facts stated, the plaintiff would be entitled to judgment. But according to the provisions of the transfer, the case must be sent to the Common Pleas for further proceedings.