## FAIRBANKS VS. WITTER.

In an action for a trespass to the person, committed in an affray, evidence offered by the defendant tending to show that the plaintiff, during several years previous to the affray, had frequently tried to provoke a quarrel with him, and threatened on various occasions to take his life, (some of which threats were made to the defendant, and all of them brought to his knowledge before the affray), should have been received in mitigation of damages.

In assessing damages, actual or punitive, the jury cannot take into account the value of services of counsel, or other expenses incident to the prosecution of the action; and evidence as to the value of such services or the amount of such expenses, is inadmissible.

APPEAL from the Circuit Court for *Adams* County.

Action for damages for an assault upon the plaintiff by which his arm was broken and other injuries inflicted.   Answer, that the acts of the defendant complained of were in justifiable self-defense.   After the plaintiff had introduced evidence as to the nature and circumstances of the assault, he called as a witness

"Judge Ferris," and asked him, "What, in your judgment, is a fair compensation to a lawyer for bringing and prosecuting this action?" The defendant objected to the question; but the objection was overruled and the witness answered, "about fifty dollars." The defendant then introduced evidence as to the circumstances attending the infliction of the injury complained of. The general character of the evidence upon this subject is sufficiently stated in the opinion of this court. The defendant then offered evidence to show "that the plaintiff, at different times, and frequently for several years previous to the affray in question, had tried to provoke quarrels with the defendant, and had threatened on various occasions to take his life, some of which threats were made to the defendant, and all of them were brought to his knowledge prior to the time of such affray;" but the evidence was ruled out.

Verdict for the plaintiff for $500 damages; motion for a new trial overruled; and judgment upon the verdict; from which the defendant appealed.

*G. C. Prentiss* and *S. U. Pinney*, for appellant, to the point that the court erred in admitting the testimony of Judge Ferris, cited *Day v. Woodworth*, 13 How. (U. S.), 363; *Hicks v. Foster*, 13 Barb., 663; *Leffingwell v. Elliott*, 10 Pick., 204; *Barnard v. Poor*, 21 id., 378. To the point that the evidence as to previous threats of the defendant &c., should have been admitted, they cited *Sledge v. Pope*, 2 Hayw. (N. C.), 607 (402); *Dean v. Horton*, 2 McMullan (S. C.), 147; *Waters v. Brown*, 3 A. K. Marsh., 1336 (557); *Rhodes v. Bunch*, 3 McCord, 66; Sedgw. on Dam., 479.

*Otis B. Lapham*, in support of the ruling of the court rejecting evidence of threats made by the plaintiff, cited Sedgw. on Dam. (3d Ed.), 588–9; *Birchard v. Booth*, 4 Wis., 67.

*By the Court*, COLE, J. The first error assigned here is that which relates to the admission of the evidence of the witness Ferris. He was asked upon the trial, and stated under objec-

tion, what he thought was a fair compensation to a lawyer to bring and prosecute the action. The object of this evidence cannot be mistaken. It was offered with the evident purpose of laying the foundation of a claim for counsel fees in conducting the suit, as a particular item of damages, and which the jury might take into consideration in fixing the amount the respondent was entitled to recover. And the question is, had the jury the right to include in their estimate of damages proper compensation to a lawyer for prosecuting the suit? If they had not, then it is manifest that all testimony upon that point should have been excluded on that ground.

The counsel for the respondent has not referred us to any case which decides that counsel fees, or proper compensation to a lawyer for prosecuting the action, aside from the taxed costs, might be taken into consideration by the jury in assessing damages. On the contrary, the following authorities expressly hold that no claim of that kind is admissible, and that if such items of expense are included by the jury in their verdict, it is irregular and erroneous. *Day v. Woodward et al.*, 13 How. (U. S.), 363; *Barnard v. Poor*, 21 Pick.. 378; *Hicks v. Foster*, 13 Barb., 663; *Lincoln v. Schenectady & Saratoga R. R. Co.*, 23 Wend., 425.

In *Day v. Woodward,* Justice GRIER remarks that the doctrine about the right of the jury to include in their verdict in certain cases a sum sufficient to indemnify the plaintiff for counsel fees and other real or supposed expenses over and above taxed costs, seems to have been borrowed from the civil law and the practice of courts of admiralty. He goes on to remark, after giving the origin of costs *de incremento*, or the taxed costs which the successful party was permitted to recover by way of amends for his expense and trouble in prosecuting the action—that the jury neither at common law nor by statute could allow counsel fees and expenses as a part of the actual damages. Page 372. The opinions of the court in the other cases are equally emphatic, and fully vindicate the soundness of the doctrine that the jury have no right to include in

their verdict counsel fees and the other expenses of litigation. Nor does it make any difference or change the rule, that the action is one where punitory damages may be given. For if the expenses of litigation, counsel fees, &c., may be assessed by the jury, it is very clear that it must be upon the principle that they are consequential damages, and relate to the amount of compensation rather than refer to damages which may be inflicted by way of penalty or punishment for aggravated misconduct. The question put was, what in the judgment of the witness was a fair compensation to a lawyer for prosecuting the action. This shows most conclusively that the party rested his claim for counsel fees upon ths ground of compensation, recompense or satisfaction for expenses incurred, and not upon the ground that the action was one in which vindictive and exemplary damages might be given. But in any view, we think the jury had no right to assess counsel fees as a part of the damages, particularly in this state, where we have a statute regulating the costs and fees which the successful party may recover, and which is applicable to this as well as other cases. See chap. 133, secs. 38 et seq.

Another error assigned is, that the court improperly excluded testimony offered tending to show that the plaintiff, at different times and frequently for several years previous to the affray, had tried to provoke quarrels with the defendant, and had threatened on various occasions to take his life, some of which threats were made to the defendant, and all of which were brought to his knowledge prior to the time of the affray. It is claimed that, under the facts and circumstances of this case, this evidence was admissible in mitigation of damages, because it tended to show that the defendant's conduct was not wanton or unprovoked, and had a material bearing upon his intention and whether he had reasonable ground to apprehend danger. Although the question is not free from doubt in my own mind, under the authorities, yet my brethren are clear that the evidence was competent for the purpose for which it was offered.

It appears from the proofs that the affray occurred in and near a highway which crosses the land of the defendant. The plaintiff was passing along the highway with a team and load of wood, and, when near the defendant's gate opening into the highway, he saw the defendant, stopped his team, and had some conversation about a sluice-way at that crossing. It seems that angry words passed about the sluice-way, and the lie was given. There is a conflict of testimony as to who first gave the lie. The plaintiff got off his wagon and went towards the defendant, evidently for the purpose of having a fight. The defendant ran to his wagon standing near by, got a pitch fork, and returned to meet the plaintiff, and, after some motions, struck him a blow on the arm, which produced the injury complained of. These appear to be the leading facts attending the affray, as nearly as one can gather them from the conflicting statements of the witnesses. Now it is argued that if there was some old grudge between the parties, or the plaintiff had on various occasions tried to provoke quarrels with the defendant, and had threatened to take his life, the defendant might reasonably have supposed, after what had passed between them, on seeing the plaintiff get down from his wagon and advance towards him in a threatening manner, that he was about to inflict some great personal injury upon him. It is said that under such circumstances the defendant might naturally and reasonably have supposed that he was in some great personal danger, and have struck a severer blow than he otherwise would, to disable his assailant; and that the jury, when they came to determine the just measure of punishment that should be inflicted upon him by way of example for his misconduct, should know and consider the previous relations of the parties, their acts and declarations, since they were connected with and in some measure provoked the particular trespass complained of. There is very great force in this view of the matter, and though not without some doubt upon the point, yet I am inclined to the opinion that the evidence should have been admitted in

mitigation of damages. The following cases will be found to have a strong bearing upon the question, and show that the evidence was competent for that purpose: *Dean v. Horton*, 2 McMullan, 147; *Sledge v. Pope*, 2 Hayw. (N. C.), 607; *Rhodes v. Bunch et al.*, 3 McCord, 66; *McKenzie v. Allen*, 3 Strob., 546; *Waters v. Brown*, 3 A. K. Marshall, 1336. These previous facts and declarations of the parties relate directly to the very affray, and conduce strongly to explain the acts of each party and the motive with which each acted. Upon this ground we think the evidence admissible.

It follows from these views that the judgment of the circuit court must be reversed, and a new trial ordered.