JOHN WAFFLE, RESPONDENT, v. JOHN DILLENBECK,
APPELLANT.

*Practice—Charge of Judge—Assault and Battery—Amount necessary to carry
Costs.*

In an action for an assault and battery, it is not error for the Judge to in-
struct the jury as to what amount of verdict necessary to carry costs against
Defendant.

*Bates* for Plaintiff.
*Moak* for Defendant.

BACON, J.—This case presents but a single question, arising
upon the charge of the Judge at the Circuit, before whom the
cause was tried.   The action was for an assault and battery ; and
after the parties to the suit had fully testified to the circumstances
of the affray and the amount of punishment inflicted upon the
person of the Plaintiff, with one or two corroborating witnesses
on each side, the Judge charged the jury that, if their verdict
should be for the Plaintiff, the amount was purely a question for
their determination.   He then added that a verdict for less than
$50 damages would not entitle the Plaintiff to recover full costs,
nor any more costs than damages, and that a verdict for the
Plaintiff for $50, or more, would entitle the Plaintiff to recover
all the legal disbursements and costs of prosecuting the action.
To these propositions the counsel for Defendant excepted, and
then requested the Court to charge the jury that, in arriving at
their verdict, if they found for the Plaintiff, they had nothing to
do with the question of costs, or whether or not their verdict
would entitle him to full costs.   The Court declined thus to
charge, and the Defendant's counsel excepted.

The jury found a verdict for $50, on which judgment, with
costs, was entered up, and, on appeal to the Supreme Court, the
judgment was affirmed, sustaining the ruling of the Court; and
the Defendant now comes by appeal to this Court.

The request of the Defendant's counsel to the Court, to charge
16

in the language proposed by him, amounted to nothing more than the Judge had already charged.

The proposition, as put by the learned Judge, was, " that it was right to tell the jury, in an action of assault and battery, in reference to what conclusion they should arrive at on the question of damages, what was the statute of the State in respect to the amount to be recovered to carry costs." This, it is alleged by Defendant's counsel, is error, and the point has been argued with considerable force and a good deal of ingenuity.

. As an original proposition, and if the rule were now for the first time to be announced as a question of practice, or indeed of propriety, at the Circuit, I should be very much inclined to hold with him; and even now I am by no means sure that it is not a custom which, although it has obtained very considerable, perhaps almost universal sanction at nisi prius, is " more honored in the breach than in the observance." In this conclusion some of my brethren do not concur, and it remains only as an expression of my individual convictions on this point. Be this, however, as it may, it can hardly be said to be a practice that so clearly violates any principle applicable to this class of actions—where the damages, when they are awarded, are both punitive and compensatory, and therefore are permitted to take a wide range, and be in some measure indeterminate—that it constitutes an error in law which can be availed of as such to entitle the party to a new trial. The most that can be said, I think, is, that whether the Judge shall give such instruction or withhold it, is purely a matter of discretion, depending somewhat, perhaps, upon the character of the case in which the information is given or declined, and .not constituting an error in law upon which a valid exception can be taken.

Whatever may be the rule in England (and we have not found any case where the point is specially and sharply presented), yet the practice adopted by the Judge on the trial in this case has received so much judicial sanction in this State, that I think it must be conceded that the rule is so far settled with us, that it would be unwise now to disturb it. In Elliott v. Brown (2 Wend.

497) the decision rested upon another point, as controlling, but this question was presented in the case. The jury, it seems, propounded an inquiry to the Court, as to the amount of damages which it would be necessary to give in order to carry costs. The Judge, exercising his discretion in the matter, declined to give them any specific information on the subject, not deeming it necessary as an aid in determining their verdict.

In commenting on this Chief Justice Savage said : " It is the duty of the jury to ascertain what damages the Plaintiff has sustained, and also how much the Defendant ought to be punished ; and if the jury consider the costs as part of the amount which the Defendant should pay, and wish to give no greater damages than barely enough to carry costs, or to give such a sum as will not carry costs, they have a right to do so. I think, therefore, it would have been proper to have given the jury the information they wanted."

In short, that while on the one hand it was not error to withhold this information, if in the discretion of the Judge it does not seem expedient, it is no more erroneous, on the other, but may be a very proper exercise of discretion, to give the instruction sought.

In the case of Nolton *v*. Moses (3 Barb. S. C. Rep. 31) the question squarely arose at the Circuit. The action was slander, and the presiding Judge gave the precise instruction to the jury as was given in this case, as to the effect of a verdict for given amounts upon the question of costs. The Defendant's counsel excepted, and then requested the Court to charge the same proposition which the Judge in the case at bar was requested to give, which was declined, and an exception taken to the refusal.

The Court at the General Term disposed of it in a few words, indeed, but clearly and precisely, by saying that " It is common experience to apprise the jury as to the effect of their verdict upon the parties, in respect to the question of costs ; and the practice has been expressly and repeatedly approved."

After these decisions, there being none whatever to the contrary, I think it would be unwise to disturb a practice which has grown into such wide use, and is so generally approved.

It is not, indeed, a case where we might hesitate to change a rule under which important interests or vested rights have intervened, and which would be seriously disturbed by its reversal, but as we do not see that the case is one where any question of principle is concerned, we think it better to abide by a rule applicable to that particular class of actions where considerable latitude and a wide margin is given to juries, in respect to the measure of compensation they may award, as well as of punishment they are permitted to administer.

I think the judgment should be affirmed.

MASON, J.—The simple and only question in this case is, whether the Judge at Circuit committed an error in instructing the jury what damages would carry costs, and also in informing them that for any recovery for less than $50 the Plaintiff could recover no more costs than damages.

The action is assault and battery, and these instructions were correct.  Now, nearly forty years ago, Chief Justice Savage, in delivering the opinion of the Supreme Court in the case of Elliott *v.* Brown (2 W. R. 497, 500) expressed the opinion that it was proper to give the jury such instructions in an action of this kind. And almost twenty years ago it was decided in the Supreme Court, in the case of Nolton *v.* Moses (3 Barb. R. 31), that in an action of slander it was proper to instruct the jury as to what sum in damages would entitle the Plaintiff to full costs, &c.   The question was directly decided in that case, and Judge Willard, who at the time, I think, had had a longer experience in Circuit than any Judge upon the bench in the State, said: "It is common experience to apprise the jury as to the effect of their verdict upon the parties, in respect to the question of costs; and the practice has been expressly and repeatedly approved."

The practice in the Circuit, so far as my acquaintance has extended, has been to give this instruction to the jury in actions of this kind, and for more than twenty years this practice has obtained with me.

The Appellant's counsel has argued this question upon his

brief with an elaboration and earnestness, as though a great principle was involved, and that it was vital to the administration of justice that the jury should be kept in ignorance as to the law of costs in this class of actions. I am not able to perceive any good reason why the jury should not be informed upon the subject, when all the costs under the Code are declared to be given by way of indemnity for the expenses of the party in the action (Code, § 303).

The rule having so long obtained with us, I do not think that the Appellant's counsel has given us any sufficient reason for changing it, especially as the practice at the Circuit in this respect has been expressly approved by the Supreme Court in banco for more than twenty years.

I advise the affirmance of the judgment.

All concur.

Affirmed.

JOEL TIFFANY,<br>
State Reporter.
