Gilmore, J.
The district court reversed the judgment of the court of common pleas, solely on the ground that the latter court erred in instructing the jury that in estimating compensatory damages, the reasonable fees of counsel employed by the plaintiff in prosecuting his action, might be taken into consideration.
This is the only point that has been argued by counsel on either side, and is the only point that will be considered in the opinion.
"While there is a conflict in the authorities as to whether counsel fees can be allowed in estimating damages, in *532 actions of tort, where no wrong, in the moral sense of the term, is complained of; it seems to be settled in this state, at least, that in cases proper for the infliction of exemplary damages, such fees may be taken iuto consideration by the jury in estimating the damages of the injured party. There is also conflict in the authorities, as to whether, in the latter class of cases, the counsel fees of the injured party are to be estimated and allowed as compensatory damages, or whether they are only to be considered by the jury in estimating the exemplary damages that the injured party is entitled to recover. This is, however, no longer, if it ever was, an open question in this state.
Stevens and Wife v. Handly, Wright 121, was an action of slander, in which the words spoken were actionable per se, and were spoken in an aggravating manner, indicating malice. In mitigation of damages, it was argued, that they were spoken under provocation and a misapprehension of facts. The court instructed the jury, that if the words were uttered under circumstances merely mitigating, without justification or excuse, the damages should be compensatory; that they should be sufficient to cover all the expenses and costs of the plaintiff in litigating the matter, including their loss of time—such as will make them whole; and if they were spoken without excuse or mitigating circumstances, the damages should be exemplary, to express the estimation in which the jury hold a good character in society, and their reprehension of the habit of wantonly attacking it. The first hypothesis presents a case for compensation only, yet we have no doubt that when the court spoke of “ all the expenses,” the counsel fees of the injured party in the suit were intended to be included, though they are not in terms mentioned ; indeed it must be so, for the court speaks of “ costs ” and “lossof time” as matters to be compensated,in addition to “ all the expenses ”—•“ such as will make them whole.” The injured party would not be made whole as to all expenses, unless his counsel fees were covered and included. The second hypothesis presents a case where the words were *533 maliciously spoken, without excuse or mitigating circumstances, and in which the court says the damages should be exemplary; and the reasons given for this show, that the court did not intend that the exemplary damages to he given in such a case should include anything that had just before been spoken of as compensatory damages ; but damages ill addition to compensation. ;
The case of Sexton v. Todd, Wright, 316, is to the same effect. The case of Roberts v. Mason, 10 Ohio St. 277, was an action to recover damages for an assault and battery, committed under aggravating circumstances. On the trial, in the court of common pleas, the instruction complained of was as follows : “ The jury are at liberty, if they see fit, to allow the plaintiff, as part of his actual or compensatory damages, any reasonable expenditure for counsel fees, which are necessarily incurred in the prosecution of this suit. But the law leaves this to the discretion of the jury, under all the circumstances of the case.”
This instruction was held not to be erroneous, but the judge writing the opinion seems to have hesitated about affirming it in terms. He says : “ In cases where the act complained of is tainted by fraud, or involves an ingredient of malice or insult, the jury, which has power to punish, has necessarily the right to include the consideration of proper and reasonable counsel fees, in their estimate of damages.” This language is open to the inference that counsel fees, in such cases, are to be allowed as punitive, and not as compensatory damages. In the syllabus of the case, however, it is said: “In such a case, the jury may, in their estimate of compensatory damages, take into con-, sideration and include reasonable fees for counsel employed by the plaintiff in the prosecution of his action.”
There is a manifest descrepancy, as above indicated, between the language of the opinion and the syllabus. In argument, this case is the only authority cited and relied upon by counsel on the respective sides of the case before us. Mr. Sedgwick in his treatise on the measure of damages (6th edition, 111), in a note, after quoting the language *534 of Judge Brinkerhoff, in Roberts v. Mason, says : “ But although in this (Ohio) and some other states counsel fees are permitted to. be considered by the jury in fixing the damages—and, indeed, can practically hardly be excluded from their consideration where, in actions of tort, the law does not furnish an exact measure—it is difficult to see why such expenses should be allowed under the head of exemplary damages. The plaintiff’s counsel fees are an expense incurred by him, and their reimbursement to him brings the measure of damages back toward the standard of compensation. It is an item of compensation, indeed, not usually allowed on what still seems to be the theory of the law, that every man cau be his own advocate'; but, nevertheless, it is really compensation. . . . The allowance of counsel fees, or their supposed equivalent, in this class of cases, must be regarded as the result of an instinct or inclination on the part of the bench to return to the standard of compensation.” In this connection he cites Fairbanks v. Witter, 18 Wis. 287, in which similar views are expressed, the court saying: “ Counsel fees can no more be allowed in actions where punitory damages can be given than in others;” and that if they can “be assessed by the jury, it must be on the principle that they are consequential damages, and relate to the amount of compensation, rather than refer to damages which may be inflicted by way of penalty or punishment for aggravated misconduct.”
It will be seen that the learned author, while dissenting from what he- supposes to be Judge Brinkerhoff’s view, that counsel fees, in such cases, may be allowed by the jury as a punishment, or as exemplary damages; proceeds to show that such fees are an expense incurred, and that their reimbursement to him is really compensation.
This is substantially the rule as expressed in the syllabus in Roberts v. Mason, and is certainly in accordance with the spirit of the rule, as laid down in Stevens v. Handy, and Sexton v. Todd, above cited.
In this state it must, therefore, be regarded as settled, *535 that in actions of tort, involving malice, fraud, insult, or oppression, the jury may, in estimating compensatory damages, take into consideration the reasonable counsel fees of the plaintiff in prosecuting his action for the redress of his injuries, against the wrong-doer, even where there are mitigating circumstances not amounting to a justification.
In the case before us, it is charged in the petition that the libel was published maliciously, and with the intention of injuring the plaintiff, and destroying his business, and that the defendants confederated together for this purpose.
The testimony, which is made part of the record by bill of exceptions, certainly tends to establish the charges in the petition. If the charges were fully proved, which was left to the jury, enough was shown to evince an intention on the part of the defendants to oppress the plaintiff and crush out his business, and it was'for these that he sought, and for which the law entitled him to recover, damages.
On the other hand, while the testimony did not make a justification or legal excuse for the acts of the defendants, it tended to show that the defendants may have acted under a misapprehension as to the main fact, and which the plaintiff’s acts may have lent color to, and all of which the jury was instructed to consider in mitigation of damages. This is substantially the case presented in Stevens v. Handley, in which the jury was instructed to allow full compensation—to make the plaintiffs whole ; and which we construe to include their counsel fees. This case seems to have been followed by the court in its instructions to the jurytin the case before us. The clause of the charge excepted to, is not drawn with accuracy and fullness of expression in itself, but, when taken in connection with the whole charge, which is set out, we do not find it erroneous; and we see no reason to apprehend that the jury could have been misled by it to the prejudice of the defendants. The district court, therefore, erred in reversing the judgment of the court of common pleas.
There were many other exceptions taken, and assigned *536 for error on the record, all of which we have considered but find no errors to the prejudice of the defendants below.
Motion granted. The judgment of the district court reversed, and that of the court of common pleas affirmed.

Judgment accordingly.