HENRY D. TUCKER, RESPONDENT, *v.* ALFRED ELY, APPELLANT.

*Trial — effect of a reference, in the charge, to the effect of a verdict on the costs of the action.*

In this action, brought in the Municipal Court of Rochester, the plaintiff, an attorney, recovered the sum of $100 for professional services rendered to the defendant. Upon the trial of the action in the County Court, to which it had been taken by appeal, the court called the attention of the jury to the amount of the recovery in the Municipal Court, and charged them that "the provision of the law is, if that judgment below of one hundred dollars is reduced here in the sum of ten dollars, then the costs would fall upon the plaintiff. But of course you are to determine the case upon the evidence here before you. You are to say upon the evidence, and in reliance upon that alone, what the rights are between the parties, and you are to render your verdict in such manner as upon those facts will do justice between these parties."

The defendant's counsel requested the court to charge "that the costs recoverable by either party are entirely statutory, and with which the jury have nothing to do and which they had no right to take into consideration." The court declined to charge except as it had already charged.

*Held,* no error.

*It seems,* that the mere reference, in the charge to the jury, to the effect of a verdict in respect to the costs is a matter of propriety, of which the trial court is to judge.

APPEAL by defendant from judgment entered on a verdict of a jury in the Monroe county court, and from an order denying a motion made on the minutes for a new trial.

*B. F. Maxson,* for the appellant.

*H. D. Tucker,* for the respondent.

BRADLEY, J.:

The plaintiff is a lawyer and brings this action to recover for professional services alleged to have been by him, performed for the

defendant who is also a lawyer. There was some conflict of testimony relating to substantially the entire claim made by the plaintiff, and especially as to his right to compensation. In respect to the character and extent of the services performed by the plaintiff for the defendant and their value, and whether they were gratuitous and performed under circumstances which did or did not entitle the plaintiff to compensation, the conflicting evidence presented questions of fact for the jury to determine, and was sufficient to support their verdict.

We have carefully examined and considered all the several exceptions taken by the defendant to the admission and exclusion of evidence on the trial, and think no error was committed by the trial court in those respects. This action was originally commenced in the Municipal Court of the city of Rochester, where the recovery was $100. And the trial under review here was had upon appeal taken by the defendant to the County Court.

The court called the attention of the jury to the amount of the recovery in the Municipal Court and charged them that " the provision of the law is, if that judgment below of one hundred dollars is reduced here in the sum of ten dollars, then the costs would fall upon the plaintiff. But of course you are to determine the case upon the evidence here before you. You are to say upon the evidence and in reliance upon that alone what the rights are between the parties, and you are to render your verdict in such manner as upon these facts will do justice between these parties." The defendants counsel excepted, and then asked the court to charge " that the costs recoverable by either party are entirely statutory and with which the jury have nothing to do, and which they have no right to take into consideration." The court declined so to charge except as it had already charged. And the defendants counsel excepted.

This question has arisen in cases where the damages rest somewhat in the discretion of the jury, and may be in some degree punitive, and there it has been held that it is not error to call the attention of the jury to the amount of damages required by their verdict to entitle the plaintiff to full costs. (*Elliott* v. *Brown*, 2 Wend., 497; *Nolton* v. *Moses*, 3 Barb., 31; *Waffle* v. *Dillenback*, 38 N. Y., 53, affirming S. C., 39 Barb., 123.) And in the two

latter cases it was in effect held, that it was not error to instruct the jury that they had the right to take the question of costs into consideration. The rule in that class of cases must bc deemed settled by authority, but the reason which supports it as applied to them cannot be applicable to those in which the jury have no discretion in respect to the amount of the recovery and which can be in no sense punitive. In an action on contract the recovery and the amount of it depend upon the facts actually furnished by the evidence. and found upon it by the jury, in respect to which the effect of the verdict upon the question of costs can have no legitimate bearing or influence. And what effect might (if any) be produced by the consideration of that question in such a case would not be the result of any reason which the jury could properly apply to it. If, therefore, the court had advised the jury directly or inferentially that they were at liberty to take the matter of costs into consideration in arriving at a result to be given by their verdict, we are not now prepared to say it would not have been error.

Our attention has been called to no case presenting the precise question raised here, but in *Keller* v. *Strasburger* (90 N. Y., 379) the action was to recover for goods sold, brought before the expiration of the time for which credit was given, on the ground of fraud in the purchase. The question of fraud was submitted to the jury, and the court instructed them that the recovery by the plaintiff would enable him to issue execution against the person of the defendant and imprison him, and that the question for them to determine was whether the plaintiff should have such right or that of a mere creditor.

Upon review of the question raised by exception to this charge the court, holding it was not error, says: "While the trial judge cannot ordinarily be called upon as matter of right, by either party, to instruct the jury as to the consequences which may flow from their verdict, yet he may in his discretion so instruct them." The proposition so stated by the court, in view of the question there presented, seems to be broad enough to embrace the one which the defendant's counsel insists is in this case. And it may be observed that the court below distinctly advised the jury that they must find their verdict " upon the evidence and in reliance upon that alone," which substantially covered the request made for instruction to the

jury in that respect. And the court was not required to repeat it in the form requested. The question did not arise in *Kanna* v. *Kester* (15 Week. Dig., 119); *Andrews* v. *Miles* (Id., 290), and in *Rewey* v. *Riley* (17 id., 573), the court declined to charge on the subject. The mere reference to the effect of a verdict in respect to the costs in a charge to a jury seems to be a matter of propriety of which the trial court is to judge.

There was no error in the refusal of the court to charge that the plaintiff was concluded by the value of his services as alleged in the complaint. If the complaint had been put in evidence the statements contained in it, in that respect, ought and may have had force as evidence, but they could not as matter of law be treated as conclusive upon that question. The recovery was less than the amount demanded by the complaint, and but little in excess of the amount of values there alleged. None of the exceptions are well taken and we cannot say that the recovery is against the weight of evidence.

The judgment and order should be affirmed.

SMITH, P. J., and BARKER, J., concurred.

Judgment and order affirmed.